IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | COMPLAINT |
| DOLGENCORP LLC d/b/a DOLLAR GENERAL | ) ) ) ) | |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Party and a class of Black applicants and conditional hires (collectively, "Applicants") who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that since at least January 2004, Dolgencorp LLC d/b/a Dollar General ("Defendant") has engaged in on-going, nationwide race discrimination against Black Applicants in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII").

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in Chicago, Illinois, as well as in other jurisdictions, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On September 6, 2011, EEOC found reasonable cause to determine that Defendant violated Title VII by using a selection criterion and process for hiring, namely, use of criminal justice history information, that has a disparate impact on Black Applicants.

8. On September 6, 2011, the EEOC invited Defendant to engage in informal conciliation efforts to eliminate the practices found unlawful.

9. By letter dated July 26, 2012, EEOC informed Defendant that EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission. All conditions precedent to the institution of this suit have been fulfilled.

10. Since at least January 2004, and continuing to the present, Defendant has engaged in unlawful employment practices at its facilities throughout the United States in violation of Sections 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. § 2000e-2(a)(1), (a)(2) and (k).

11. Since at least January 2004, and continuing to the present, Defendant has subjected a class of aggrieved Black Applicants throughout the United States to discrimination because of their race, Black, in violation of Title VII, by using, and continuing to use, a selection criterion and process for hiring, namely, use of criminal justice history information, that has had, and continues to have, a disparate impact on Black Applicants.

12. Pursuant to Defendant's criminal conviction policy, once an applicant is given a job offer, the store manager submits information on the applicant to a third party vendor – General Information Services, Inc. ("GIS") – which then conducts a criminal background check on the applicant. If the result is a "Pass," the information is conveyed by GIS to the store manager by email. If the result is a "Fail," the information is conveyed by GIS to the district manager for that store via voice mail. That district manager then notifies the store manager that the applicant cannot be hired.

13. Defendant, with GIS, has created a matrix identifying specific felonies and misdemeanors and specifying how recent these convictions must be before they are deemed to require rescinding an employment offer or disqualification of an applicant. Defendant's utilization of its criminal convictions policy has not been demonstrated to be and is not job-

related and consistent with business necessity. Moreover, the policy as applied does not provide for an individualized assessment for those applicants who receive a "Fail" result to determine if the reason for the disqualification is job-related and consistent with business necessity. For example, Defendant's policy does not allow for consideration of the age of the offender; any actual nexus between the crime and the specific job duties, employee safety, or other matters necessary to the operation of defendant's business; or to the time or events that have transpired since the offense. If the applicant was convicted of any of the identified offenses in the specified time frames, the employment offer is not made or the conditional offer of employment is rescinded.

14. Some of the felony convictions on Defendant's matrix which mandate disqualification include: flagrant non-support (disqualified for 10 years); possession of drug paraphernalia (disqualified for 10 years); illegal dumping (disqualified for 3 years). Some of the misdemeanor convictions mandating disqualification include: improper supervision of a child (disqualified for 3 years); reckless driving (allowed 1 charge in 5-year period); failure to file income tax return (allowed 1 charge in 5-year period).

15. According to data produced to EEOC by Defendant, during the period January 2004 to April 2007, of all the conditional offers of employment made by Defendant nationwide, approximately 259,600, or 75%, were made to non-Blacks and approximately 84,700, or 25%, were made to Blacks. Of the conditional non-Black employees, approximately 18,300, or 7%, were discharged for failing the background check. In comparison, of the conditional Black employees, approximately 8,400, or 10%, were discharged for failing the background check. The gross disparity in the rates at which Black and non-Black conditional employees were discharged on account of Defendant's criminal

4

background check policy is statistically significant. From May 2007 to the present, Defendant has continued to utilize the same criminal background check policy, and there have been no changes which would have materially alleviated the gross disparity in the rates at which Black and non-Black conditional employees are discharged.

16. Each qualified Black Applicant who was not hired or who had his or her job offer rescinded on the basis of the results of a criminal background check conducted at the direction of and on behalf of Defendant, is a member of the class for whom EEOC seeks relief in this action.

17. For example, Charging Party is a qualified Black job applicant who was hired by Defendant as a Stocker/Cashier at Defendant's Waukegan, Illinois store in September 2004.

18. At the time she submitted her application, she informed Defendant of her six-year-old, 1998 felony conviction for Possession of a Controlled Substance. She then began work for Defendant at Defendant's store in Waukegan, Illinois where she had applied. Two or three days after she began work, Defendant rescinded her offer because Defendant's criminal background check revealed this felony conviction and a misdemeanor conviction for Possession of Drug Paraphernalia.

19. Defendant fired Charging Party pursuant to its policy described in paragraphs 10-15, in violation of Sections 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. § 2000e-2(a)(1), (a)(2) and (k).

20. Similar to Charging Party, each class member is a qualified Black Applicant who was fired or denied hire due to Defendant's use of a selection criterion for hiring, namely, criminal justice history information, that has had, and continues to have, a disparate impact on Black Applicants.

21. The effect of the practices complained of in paragraphs 10-20, above, has been to deprive a class of Black Applicants of equal employment opportunities and otherwise adversely affect their status as applicants because of their race.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination, including discriminatory termination and denial of hire, and use of selection criteria with significant disparate impact on Black Applicants.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black Applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole a class of aggrieved Black Applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement and front pay in lieu thereof.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Jeanne B. Szromba
Trial Attorney

_____
Richard Mrizek
Trial Attorney

_____
Brandi Davis
Trial Attorney

ARDC# 6301582
EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8105
Brandi.Davis@eeoc.gov