# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 13-cv-04307 |
| v. | )<br>) Judge Andrea R. Wood |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order provides additional detail regarding the oral ruling by the Court on July 10, 2014 granting the motion by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") to compel production of documents and responsive data (the "Motion") (Dkt. No. 53.). EEOC brought this lawsuit to challenge certain hiring practices of Defendant Dolgencorp, LLC ("Dollar General"), a corporation that operates a chain of discount retail stores, under Title VII of the Civil Rights Act of 1964. In its Complaint, EEOC alleges that, since at least 2004, Dollar General has engaged in a practice of conducting criminal background checks on potential employees that has a disparate impact on African-American job applicants. EEOC's Motion seeks to compel Dollar General to produce two broad classes of documents: (1) conditional hire and background screen data for the time period 2004 to 2008 (the "Pre-2008 Information"), and (2) information relating to Dollar General's purported business necessity for performing criminal background checks on job applicants. For the reasons set forth below, the Motion is granted.

# BACKGROUND

EEOC originally requested the Pre-2008 Information and information regarding Dollar's General's purported business necessity for its criminal background checks in its First Set of Interrogatories and First Request for Production of Documents. In each of its discovery responses, Dollar General objected to providing any information from prior to 2008. Dollar General also refused to provide information in response to EEOC's discovery requests regarding Dollar General's possible business necessity defense, asserting that it should not have to provide such discovery until after EEOC provides evidence of a disparate impact.

On March 19, 2014, EEOC sent a letter to Dollar General pursuant to Local Rule 37.2 that, in relevant part, again asked Dollar General to produce the Pre-2008 Information and complained about Dollar General's refusal to produce discovery relating to its purported business necessity. In its letter, EEOC asserted that, "[n]o plaintiff is required to prevail on a portion of its *prima facie* case before being permitted to obtain discovery related to its entire case in chief." (Dkt. No. 40, Ex. C at 1-2.) In a responsive letter dated March 26, 2014, Dollar General expressed concerns regarding "the expense and burden of the requests made," and again demanded that EEOC provide evidence of disparate impact. (Dkt. No. 40, Ex. D.) Dollar General also requested a Local Rule 37.2 conference to further discuss these issues. (*Id.*) The parties engaged in a telephone conference on April 3, 2014, but were unable to reach agreement.[1] EEOC filed the Motion on April 22, 2014.

# DISCUSSION

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P.

---

[1] EEOC characterizes the parties' discussion on April 3, 2014 as representing an "impasse." (Mot. at 3, Dkt. No. 40.) Dollar General disputes that characterization. (Resp. to Mot. at 9, Dkt. No. 42.)

26(b)(1). "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004) (citing *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)). The "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted). However, a court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(iii); *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 571 (N.D. Ill. 2004). To make such a determination, reviewing courts "consider what has been dubbed the proportionality test of Rule 26(b)(2)(iii): the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

As an initial matter, the Court rejects Dollar General's argument that the issues presented in the Motion are not ripe for determination because EEOC failed to comply with Local Rule 37.2. Under that rule, the Court will not hear motions to compel discovery unless the movant has engaged in a good faith effort to resolve differences. N.D. Ill. L.R. 37.2. According to Dollar General, it "tried to reach an agreement with the EEOC . . . by offering to produce post-2008 data . . . so the EEOC could analyze it for disparate impact. Defendant repeatedly stressed it was willing to negotiate further if the EEOC found a specific reason why the post-2008 data was insufficient for its purposes . . . ." (Def's Resp. at 3, Dkt. No. 43.) However, the Court does not perceive Dollar General's offer as a good faith attempt to resolve the parties' differences by compromise, and thus does not fault EEOC for concluding that the parties had reached an impasse. In essence, Dollar General offered to produce the same post-2008 data that it had

already agreed to provide in its initial responses to EEOC's discovery requests. Further, as discussed below, there was no valid basis for Dollar General to attempt to impose a burden of proof on EEOC at the discovery stage by conditioning production of otherwise discoverable information on EEOC first establishing a disparate impact. Accordingly, EEOC's Motion is ripe for determination.

The Court now proceeds to the merits of EEOC's Motion. First, there is no doubt that the Pre-2008 Information is relevant to EEOC's claims. The Complaint alleges that Dollar General's criminal background checks have led to a disparate impact on African-American job applicants during the time period from 2004 to the present. (*See* Compl. ¶¶ 15, 17-19, Dkt. No. 1.) Thus, the request for Pre-2008 Information is relevant and "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26. In fact, the information is necessary for EEOC to establish its affirmative case for the pre-2008 time period. *See Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 994 (1988) (plaintiff in disparate impact case "must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group").

Dollar General's arguments against producing the Pre-2008 Information are without merit. Dollar General first argues that production of the Pre-2008 Information is "unnecessary" because EEOC can use data from 2008 and later to extrapolate what it needs for the earlier period. This argument is not supported by the law. The EEOC complains of disparate impact for the period from 2004 to the present, and it cannot prove its affirmative case for this entire span of time without the Pre-2008 Information. *See King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir.

1992) ("[S]tatistical evidence cannot serve as a basis for proving discrimination beyond the time period analyzed.").

Dollar General also fails to demonstrate that the burden and expense of producing the Pre-2008 Information is disproportionate to its likely benefit under Rule 26(b)(2)(iii). Dollar General contends that production of the Pre-2008 Information would require it to expend approximately 160 man-hours and $16,000.[2] (Def's Resp. at 6-7, Dkt. No. 43.) Although these costs are significant, the Court finds that they are not disproportionate in light of the importance of the Pre-2008 Information to the resolution of this case. Nor is the estimated cost disproportionate given the importance of this case and the amount in controversy. As alleged in EEOC's complaint, Dollar General's criminal background checks affected approximately 8,400 African-American employees over a 3-year period (Compl. ¶ 15, Dkt. No. 1), which corresponds to approximately 25,000 employees for the entire period from 2004 to the present. Thus, regardless of which party prevails, the case could serve the important purpose of clarifying the legality of an employment practice that has affected tens of thousands of job seekers. Furthermore, EEOC seeks a permanent injunction and back pay (with prejudgment interest) for the affected employees. (*Id.* at 6.) Although EEOC does not provide a specific damages calculation in the Complaint, it is clear that the amount in controversy is significant. As Dollar General has not met its burden of showing that production of the Pre-2008 Information would be disproportionate under Rule 26(b)(2)(iii), it must produce this information.[3]

---

[2] Dollar General asserts that it would need to spend this amount "to obtain only a small portion of the pre-2008 data requested by the EEOC." (Def's Resp. at 6-7, Dkt. No. 43.) However, Dollar General bases its estimated time of compliance on the declaration of Dolgencorp employee Leslie Cheesman. (Dkt. No. 43 at Ex. A.) Ms. Cheesman's declaration does not indicate that the 160 hour figure would allow Dollar General to obtain "only a small portion" of the Pre-2008 Information. (*See id.* ¶ 5.)

[3] The cases Dollar General cites in support of its contention that production of the Pre-2008 Information would be unduly burdensome do not support a contrary result. In *Brodsky v. Humana, Inc.*, No. 08 C

The Court also finds that information relating to Dollar General's asserted business necessity for its criminal background checks is relevant and must be produced. Dollar General argues that EEOC is not entitled to this information at this stage of the litigation because the asserted business necessity constitutes an affirmative defense. (Resp. at 10-11, Dkt. No. 43.) This argument is untenable: the discovery rules explicitly allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim ***or defense***." *See* Fed. R. Civ. P. 26(b)(1) (emphasis added). Dollar General has consistently indicated that it will assert a business necessity defense, and EEOC is entitled to discovery regarding that defense. Dollar General next argues that EEOC should first be required to provide evidence of disparate impact prior to receiving discovery on business necessity issues. But this position is contrary to one of the most fundamental premises of discovery: that the "burden rests upon the objecting party to show why a particular discovery request is improper." *See Kodish*, 235 F.R.D. at 450. The Court declines to upend that well-established principle by requiring that EEOC assume the burden of proof at the discovery phase in order to take discovery regarding Dollar General's affirmative defense.[4]

---

50188, 2009 WL 1956450 (N.D. Ill. July 8, 2009), the court denied a motion to compel the defendant to respond to various discovery requests because full responses would entail anywhere from six weeks to two years of document review and cost between $25,000 and $80,000. *Id.* at *3. By Dollar General's own admission, the time and expense it would incur to produce the Pre-2008 Information would not come close to these figures. Likewise, the court in *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, No. 2:07 CV 358, 2009 WL 3200540 (N.D. Ind. Sept. 25, 2009) denied a motion to compel as unduly burdensome where complying with the relevant document request would entail $750,000 in costs and 200–500 hours of labor. *Id.* at *5-6. Finally, in *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10 C 5711, 2012 WL 4498465 (N.D. Ill. Sept. 28, 2012), the court granted a protective order for a discovery request that would have required 800 man hours for compliance. *Id.* at *9. The court in that case also found that the information being sought was available through deposition testimony, and thus the requested discovery would be duplicative and cumulative. *Id.* at *11-12. Here, Dollar General does not suggest a less burdensome method of providing EEOC with the equivalent of the Pre-2008 Information.

[4] The Court also notes that Dollar General's proposal of a threshold evidentiary showing by EEOC runs contrary to the scheduling order that Dollar General, jointly with EEOC, submitted to the Court. That joint scheduling order specified that "all fact discovery for the liability phase [would] be completed by September 15, 2014." (Dkt. No. 36 at 2-3.) Earlier in that document, the parties noted that both EEOC's disparate impact case and Dollar General's business necessity case would be covered in the liability phase

Finally, the Court declines to shift the cost of Dollar General's production to EEOC. The general presumption in discovery is that responding parties must bear the expense of complying with discovery requests. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). This is true even in the case of electronic discovery. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003). Cost shifting for production of electronically stored information may be appropriate when the data is inaccessible, such as when it is recorded on backup tapes. *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10 C 5711, 2012 WL 4498465, at *17 (N.D. Ill. Sept. 28, 2012); *Clean Harbors Envtl. Servs., Inc. v. ESIS, Inc.*, 09 C 3789, 2011 WL 1897213, at *2 (N.D. Ill. May 17, 2011). Here, however, Dollar General does not argue that the requested information is inaccessible, nor does the attached Declaration of Leslie Cheesman support such an argument. Accordingly, Dollar General shall bear its own cost of producing the discovery addressed in the Motion.

## CONCLUSION

For the foregoing reasons, EEOC's Motion is granted. Dollar General shall produce the Pre-2008 Information and documents relating to its business necessity defense. In addition, Dollar General shall bear its own costs in complying with this Order.

ENTERED:

Dated: July 29, 2014

Andrea R. Wood
United States District Judge

---

of this case. (*Id.* at 2.) Nowhere does the scheduling order purport to break up fact discovery into two phases, and the Court declines to impose such a division at this stage of the litigation.