IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 13-cv-04307 |
| | ) | Judge Andrea R. Wood |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") has brought this lawsuit challenging the use of criminal background checks for potential employees by Defendant Dolgencorp, LLC ("Dollar General") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Specifically, the EEOC alleges that Dollar General's use of criminal background checks has a disparate impact on African-American job applicants. Now before the Court are (1) the EEOC's Motion to Compel Production of Documents and Responsive Data ("EEOC's Motion"), and (2) Dollar General's Motion to Compel Discovery ("Dollar General's Motion"). (Dkt. Nos. 61, 63.) For the reasons set forth below, the Court grants the EEOC's Motion and grants Dollar General's Motion in part.

## DISCUSSION

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make the existence of any fact of consequence to determining the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "Relevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The objecting party bears the burden of establishing why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

**I.         The EEOC's Motion**

The EEOC's Motion seeks to compel Dollar General to produce (1) electronically-stored information ("ESI") containing personal information of Dollar General's conditional hires, such as their names, social security numbers, addresses, and telephone numbers; and (2) complete versions of documents that Dollar General previously produced with portions redacted due to purported lack of relevance. The Court addresses each of these requests in turn.

**A.        Personal Information of Dollar General Conditional Hires**

The EEOC seeks production from Dollar General of ESI containing personal information regarding Dollar General's conditional hires, including certain data fields that the EEOC argues are necessary to conduct its disparate impact analysis and to identify employees impacted by the background check policy. Dollar General has provided some of the requested information to the EEOC, but it has refused to provide the names, complete social security numbers, addresses, phone numbers, and complete dates of birth of its conditional hires. The EEOC claims that it requires the information being withheld to link separate databases maintained by Dollar General and two of its vendors, to submit the information to an expert who will then analyze whether any statistical effect observed is due to race or other demographic factors, and to contact potential class members and witnesses. In response, Dollar General argues that the personal information sought by the EEOC is irrelevant and not necessary for any of the cited purposes. The Court finds the EEOC to have the better argument.

The EEOC has established that the personal information it seeks is relevant to this litigation. The requested data fields are unquestionably calculated to lead to the discovery of admissible evidence by permitting the EEOC and its experts more effectively to analyze the statistical impact of Dollar General's use of criminal background checks. As explained above, the information sought will be used to link several large databases together, allowing the EEOC to perform its disparate impact analysis.[1] It will also permit the EEOC's experts to analyze whether non-racial demographic factors may have caused a statistical impact. In this respect, this case differs from *EEOC v. McLane Co., Inc.*, No. CV-12-615-PHX-GMS, 2012 WL 1132758 (D. Ariz. April 12, 2012), which Dollar General cites. In that action to enforce an investigative subpoena, the district court found that the EEOC had not explained how the detailed employee information it requested would be relevant to its investigation. *Id.* at *5.

Dollar General also argues that producing the requested information would infringe upon the privacy of its conditional hires. Although Dollar General cites case law to support the argument that it has a privacy interest in the personal information of its employees, all of the cases it cites acknowledge that this type of information is nonetheless discoverable when sufficiently relevant to the litigation. Additionally, the Court notes that there is a confidentiality order in place in this case that expressly prohibits the use or disclosure of personal information except as necessary for purposes of this litigation. Given the relevance of the information sought and the protection provided by the confidentiality order, the Court finds that Dollar General has failed to establish that the EEOC's request is improper or otherwise justify withholding the

---

[1] Dollar General represents that, in lieu of providing the requested personal information, it can assign a unique identifying number to each conditional hire that will just as easily allow the EEOC to link the separate databases. However, given the utility of the requested personal information to the EEOC's statistical analysis, as well as concerns regarding whether the linking process can be performed in a verifiably accurate manner, Dollar General's proposed approach would likely engender additional discovery disputes and frustrate resolution of this case.

information. Thus, Dollar General is directed to produce the requested personal information regarding conditional hires.

### B.     Unredacted Versions of Documents

The EEOC next complains that Dollar General has produced documents with pages pulled and text redacted on the basis of relevance, and it asks the Court to compel Dollar General to produce complete versions. As an example, as part of its production of an operations manual, Dollar General has produced a page entitled "Background Checks," which includes a description of its background check policy, but half of the page is redacted. Dollar General claims that the redacted portions of this and the other documents are irrelevant and not responsive to the EEOC's document requests.

Although Dollar General cites a number of cases where courts have allowed a party to redact non-relevant portions of documents, redaction of otherwise discoverable documents is the exception rather than the rule. What constitutes relevant information is often a matter of judgment, and even "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011); *see also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, Nos. 08-1945, 08-333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context."). Moreover, the cases cited by Dollar General generally involve redaction of sensitive financial or personal information that is also irrelevant to the litigation. *See, e.g., Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 813 (7th Cir. 1994) (upholding district court's denial of request for unredacted tax returns after finding that redacted material was irrelevant to issues at hand); *Kirsch v. Brightstar Corp.*, No. 12 C 6966, 2014 WL

4

4560978, at *6 (N.D. Ill. Sept. 11, 2014) (ordering production of unredacted documents "where there does not appear to be any information that is sufficiently sensitive to warrant redaction"); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 222-23 (N.D. Ill. 2013) (allowing the redaction of "business and financial information" relating to non-party clients of the plaintiff).

In this case, Dollar General has failed to establish that the information it redacted is sufficiently sensitive to warrant redaction on the basis of relevance. This is especially true in light of the confidentiality order in place in this case. At oral argument, Dollar General described the type of commercially sensitive information that it has redacted as including "how to stage the back room" and "where to put the green beans." While the Court does not wish to minimize the commercial importance of this sort of information to Dollar General, such information does not seem to be particularly susceptible to misuse by the EEOC and any concerns that it might be disclosed to third parties are adequately addressed by the confidentiality order. Thus, the Court directs Dollar General to produce unredacted versions of the materials previously produced in redacted form.

**II.     Dollar General's Motion**

Dollar General's Motion seeks to compel the EEOC to produce (1) information relating to the EEOC's pre-suit analysis of the disparate impact allegedly caused by Dollar General's hiring policies; (2) the EEOC's policies regarding its own use of background checks and criminal history records when making employment decisions; (3) information relating to background check policies that the EEOC has found to be permissible in other cases; and (4) supplemental

responses to interrogatories to which the EEOC originally responded by directing Dollar General to its administrative investigative file.[2]

### A. The EEOC's Analyses of Disparate Impact

Dollar General's Interrogatory No. 2 requests that the EEOC:

> Identify the name of any person(s) who provided the statistical analysis to support the allegation contained in Paragraphs 10-21 of the Complaint that Defendant's background check policy had/has a disparate impact upon African Americans, and for each person, identify all of his/her working papers, what program(s) and methodology he/she used to conduct the statistical analysis, any regressions he/she used, and any factor or factors he/she considered, including but not limited to the nature or type of crime, the location, and/or the date of the crime as compared to the date of the conditional offer.

In response, the EEOC identified the person who provided the statistical analysis to support its allegations in the complaint but objected to answering the remainder of the interrogatory on the ground that it calls for information protected from disclosure by the government deliberative process privilege. Similarly, Dollar General's Request for Production No. 3 requests: "All studies, reports, findings, or analyses of disparate impact regarding Defendant's background check policy or process that are in the possession of, utilized by, or prepared by the EEOC." In response to this request, the EEOC claimed to have produced nonprivileged portions of its administrative file but refused to turn over additional responsive information on relevancy grounds, as well as based on the government deliberative process privilege and attorney work product protection.

The "deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege "does not justify the withholding of purely factual material, nor of

---

[2] Dollar General also moved to compel additional discovery responses to their Interrogatories No. 11 and No. 17. (Def.'s Mot. at 11-13, Dkt. No. 63.) In its reply, however, Dollar General dropped its requests for relief with respect to these interrogatories. (Def.'s Reply at 4 n.1, Dkt. No. 70.)

documents reflecting an agency's final policy decisions, but it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions." *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374-75 (7th Cir. 2004). "[I]n order to qualify for the privilege, a document must be both [1] predecisional in the sense that it is actually antecedent to the adoption of an agency policy, and [2] deliberative in the sense that it is actually . . . related to the process by which policies are formulated." *Id.* at 375 (citations, quotation marks, and alterations omitted). A party seeking documents within the scope of the deliberative process privilege may require the government to produce the documents by showing that the party's need for the documents outweighs the government's interest in not disclosing them. *Farley*, 11 F.3d at 1389-90.

   The EEOC also invokes attorney work product protection to avoid producing the responsive materials. This doctrine shields documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case. *See* Fed. R. Civ. P. 26(b)(3); *Sandra T.E. v. S. Berwyn Sch. Dist.* 100, 600 F.3d 612, 618 (7th Cir. 2010). The threshold determination for protectable work product generally is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared for or obtained because of the prospect of litigation." *N. Shore Gas Co. v. Elgin, Joliet & E. Ry. Co.*, 164 F.R.D. 59, 61 (N.D. Ill. 1995) (quoting *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)).

   According to the EEOC, members of its staff prepared certain statistical analyses during the EEOC's investigation to determine whether to issue a reasonable cause determination of discrimination. The EEOC further claims that an EEOC attorney provided an EEOC investigator with a statistical analysis. These statistical analyses—identified in the EEOC's privilege log by

7

the Bates ranges E0000644-50, E0000813-816, E0000817-21, and E0000654—were relied upon by the agency in deciding to issue a reasonable cause determination and, later, by agency attorneys in making the decision to sue.

The Court is unable to determine the legitimacy of the EEOC's deliberative process and attorney work product assertions without reviewing the documents in question. Accordingly, the Court orders the EEOC to deliver copies of the withheld documents to the magistrate judge (who is now responsible for supervising discovery) for *in camera* review. Upon reviewing the documents along with the EEOC's privilege log, the magistrate judge will determine the applicability of the asserted privileges in light of the governing legal principles. As part of her review of the deliberative process issue, the magistrate judge will also consider the arguments raised in Dollar General's motion to strike the declaration submitted by EEOC Chair Jenny R. Yang in support of the agency's deliberative process claims.

**B.     The EEOC's Policies and Procedures**

In its Requests for Production No. 36 through No. 39, Dollar General seeks the EEOC's policies regarding its own use of background checks and criminal history records when making employment decisions, including any "hiring matrix" that demonstrates how the EEOC considers various crimes. Similarly, in its Interrogatories No. 12 through No. 14, Dollar General asks the EEOC to identify various facts relating to its use of background checks and criminal history in making hiring decisions. According to Dollar General, information regarding the EEOC's background checks is discoverable because it is relevant to Dollar General's business necessity and estoppel defenses. The Court disagrees.

Despite Dollar General's assertions to the contrary, the requested information is not relevant to its business necessity defense. Under a disparate impact theory of employment

8

discrimination, once a plaintiff shows that a challenged employment practice has a disparate impact, the burden shifts to the employer to show that "the challenged practice is job related *for the position in question* and consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i) (emphasis added); *see also Price v. City of Chicago*, 251 F.3d 656, 659 (7th Cir. 2001). Dollar General is a retail operation, and there is no indication that the functions performed by its employees are in any way comparable to those undertaken by the EEOC's employees. *See, e.g., EEOC v. JBS USA, LLC*, No. 8:10 cv 318, 2012 WL 169981, at *6 (D. Neb. Jan. 19, 2012) (finding testimony on the EEOC's policies regarding religious accommodations to be irrelevant); *United States v. N.Y. Metro. Transp. Auth.*, No. CV 2004-4237(SLT) (MDG), 2006 WL 708672, at *1-3 (E.D.N.Y. Jan. 12, 2006) (government policies on religious accommodations irrelevant where defendant failed to show factual similarities between it and the government agency).

Dollar General cites several cases from other districts in which courts have found that a government agency's own employment policies were relevant to a defendant's business necessity defense. However, the Court finds these cases unpersuasive in light of the plain language of 42 U.S.C. § 2000e-2, as well as the U. S. Supreme Court case *Johnson v. Mayor & City Council of Baltimore*, 472 U.S. 353 (1985). That case considered an issue similar to the one here: whether a federal statute requiring federal firefighters to retire at age 55 established that age was a *bona fide* occupational qualification for nonfederal firefighters under the Americans with Disability Act. *Id.* at 358-59. The Supreme Court ultimately found that the federal retirement age was irrelevant to the plaintiffs' claims and that "it would be error for a court" to give such evidence "any weight." *Id.* at 370. *See also EEOC v. Illinois*, No. 86 C 7214, 1991 WL 259027, at *4 (N.D. Ill. Nov. 29, 1991) ("[I]n determining whether an employer's employment

9

policy is [a *bona fide* occupational qualification], federal provisions regarding employment requirements are not persuasive.").

The Court also rejects Dollar General's argument that the EEOC's hiring qualifications are relevant in light of its affirmative defense of estoppel. The Supreme Court has "reversed every finding of estoppel that [it has] reviewed" where the defense has been asserted against a government agency attempting to enforce the law, and has remarked that the arguments in support of a *per se* rule that estoppel may never lie against the government are "substantial." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990). Even if an estoppel defense may properly be asserted against a government agency, a party seeking such a finding must prove (and plead) the traditional elements of estoppel: that there was "(1) misrepresentation by the party against whom estoppel is asserted, (2) reasonable reliance on that misrepresentation by the party asserting estoppel, and (3) detriment to the party asserting estoppel." *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). In addition, a party seeking to estop the government from enforcing the law must show affirmative misconduct on the part of the government. *Id.* Estoppel is an equitable defense that must be pleaded with the specific elements required to establish the defense. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006).

Dollar General has failed to plead specific elements and instead has simply included estoppel in a list of various equitable defenses, most of which have no apparent application to this case:

> EEOC's claims on behalf of alleged aggrieved individuals for damages or other relief on behalf of allegedly injured individuals are barred by the doctrines of waiver, estoppel, res judicata, issue preclusion, and/or claim preclusion.

10

(Compl. § IV ¶ 5, Dkt. No. 13.) The Court declines to allow discovery based on Dollar General's improper and conclusory pleading of its legally dubious estoppel defense.

In sum, Dollar General has failed to demonstrate the relevance to this case of documents and information regarding the EEOC's own use of background checks and criminal histories in hiring decisions, and therefore the motion to compel production of such materials is denied.

C.     **Information Regarding Background Check Policies the EEOC Deems Lawful**

Dollar General's Requests for Production No. 41 through No. 43 seek documents relating to what the EEOC considers to be reasonable or acceptable criminal background check policies, policies or processes the EEOC previously has found to be justified and consistent with business necessity, and appropriate and less discriminatory alternative selection procedures that the EEOC believes were available to Dollar General in lieu of the process challenged in this case. Similarly, Dollar General's Interrogatory No. 16 asks the EEOC to identify and describe any appropriate and less discriminatory selection procedures it believes were available to Dollar General.

In its responses to these discovery requests, the EEOC directs Dollar General to its Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (April 25, 2012) (the "Guidance"). Dollar General complains that this response is "neither specific nor exhaustive," and that the Guidance is 55 pages long yet the EEOC does not direct Dollar General to a specific portion that supports its answer. Dollar General also notes that the Guidance does not list specific examples of background check policies that the EEOC has previously found to be job-related and consistent with business necessity.

The EEOC argues that the question of what constitutes an acceptable background check is irrelevant because that issue is specific to each employer, the jobs at that employer, the

11

employer's policy, and the nature of the business necessity justification for the policy. This is a valid argument up to a point. If the EEOC establishes that Dollar General's hiring practices caused a disparate impact, however, Dollar General will have the opportunity to argue that there was a reasonable business justification for its background check policy. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012). Upon such a showing, the EEOC would then have to establish that there were less discriminatory alternatives available. *Id.* To the extent the EEOC will attempt to counter any asserted business justification with evidence of less discriminatory alternatives, the EEOC must produce that evidence during discovery in order to avoid the perils of trial by ambush. Accordingly, the EEOC is directed to respond to Dollar General's Request for Production No. 43 and Interrogatory No. 16. The EEOC shall also supplement its response to Request for Production No. 41 to provide any additional non-confidential, general—*i.e.*, not employer specific—guidance published by the agency regarding the use of criminal background check policies or process.[3]

Information relating to policies or processes previously found to be justified and consistent with business necessity in other specific cases by the EEOC, experts, courts, or juries are irrelevant, however, and that information need not be produced. In addition, the EEOC points out that information it obtains through nonpublic investigations is prohibited from disclosure by law. Dollar General disclaims any intent to compel EEOC to produce such information. (Def.'s Reply at 13-14, Dkt. No. 70.) Accordingly, nothing in this Memorandum Opinion in Order shall be construed as requiring EEOC to disclose information it obtained during confidential investigations of discrimination at other companies.

---

[3] With respect to the Guidance, contrary to Dollar General's protestations, the EEOC's general reference to that material without identifying specific portions is sufficient. The Guidance as a whole addresses the topics covered by the discovery requests and the Guidance itself is not so long as to make it burdensome for Dollar General to review it in its entirety.

D.     Other Requests for More Specific EEOC Responses

Dollar General's Interrogatory No. 19 asks the EEOC to identify the facts it contends support its allegation that the "gross disparity in the rates at which Black and non-Black conditional employees were discharged on account of Defendant's background check policy is statistically significant." The EEOC responded to this interrogatory by referring Dollar General to the EEOC's administrative file, which the agency produced in response to Dollar General's First Set of Requests for Documents. Dollar General has asked the EEOC to specify the portions of the administrative file containing the responsive information.

Pursuant to Federal Rule of Civil Procedure 33(d), a party may answer an interrogatory by referring to its business records and "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). This rule requires the EEOC to provide a more specific answer to Dollar General than simply referring generally to the administrative file, which consists of hundreds of pages and no doubt contains much information unrelated to the specific allegation addressed by this interrogatory. Accordingly, the Court orders EEOC to provide a more specific response to Dollar General's Interrogatory No. 19 that identifies particular records or at least sections of the administrative file where Dollar General can find the responsive information.

Dollar General also seeks similar relief with respect to its Interrogatory No. 20. That interrogatory asks the EEOC to "describe with specificity each step Plaintiff made to investigate the Charge(s) of Discrimination that formed the basis for this Lawsuit and the EEOC's subsequent and corresponding Determination(s), including, but not limited to, the persons interviewed, documents and memoranda reviewed, and an identification of all person(s) who

13

made the Determination." As with Dollar General's Interrogatory No. 19, EEOC responded to this interrogatory by referring Dollar General to the entire the EEOC administrative file. In this instance, however, the Court finds the EEOC's response to be more than adequate. Dollar General has asked a broad question regarding the entirety of the EEOC's investigation; it should not be surprised to receive a correspondingly broad response. This Court finds it wholly appropriate for the EEOC to respond to a request seeking comprehensive information about its investigative process by directing Dollar General to its administrative file. No further response will be required to Interrogatory No. 20.

## CONCLUSION

For the foregoing reasons, the Court grants the EEOC's Motion and grants Dollar General's Motion in part. The parties shall supplement their discovery responses as set forth in this Memorandum Opinion and Order by May 26, 2015. In addition, by May 12, 2015, the EEOC shall deliver copies of the documents bates-numbered E0000644-50, E0000813-816, E0000817-21, and E0000654 to the magistrate judge for *in camera* review. As part of her review of the deliberative process privilege issue, the magistrate judge will also consider the arguments raised in Dollar General's motion to strike the declaration submitted by EEOC Chair Jenny R. Yang in support of the agency's deliberative process claims.

ENTERED:

Dated: May 5, 2015

Andrea R. Wood
United States District Judge