# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 13-cv-04307 |
| v. | ) ) | Judge Andrea R. Wood |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") brought this suit challenging the use of criminal background checks on potential employees by Defendant Dolgencorp, LLC ("Dollar General") under Title VII of the Civil Rights Act of 1964. The EEOC alleges that Dollar General's use of criminal background checks has a disparate impact on African-American job applicants. On February 3, 2015, the Court referred this matter to the Magistrate Judge for discovery supervision.

Presently before the Court are two objections by Dollar General to discovery rulings by the Magistrate Judge. *First*, Dollar General objects to portions of the Magistrate Judge's April 20, 2015 order granting the EEOC's Motion to Compel, which requires Dollar General to provide information regarding its pre-employment testing and to respond to interrogatories that Dollar General claims are in excess of the 25 presumptively allowed under the Federal Rules of Civil Procedure. (Dkt. No. 109.) *Second*, Dollar General objects to the Magistrate Judge's finding, in a May 26, 2015 order, that certain documents submitted by the EEOC for *in camera* inspection are shielded from disclosure by the deliberative process privilege. (Dkt. No. 138.) This Court now overrules the EEOC's objections but remands to the Magistrate Judge the issue

of whether Dollar General has demonstrated a particularized need for the privileged documents that outweighs the EEOC's need to maintain the confidentiality of those materials.

## DISCUSSION

Magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013). The district court's review of discovery-related decisions by the magistrate judge is governed by Federal Rule of Civil Procedure 72(a). *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Under that rule, when a party objects to a magistrate judge's discovery order, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error is an extremely deferential standard of review, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (internal citations and quotations omitted). The fact that the district court would have decided the case differently is an insufficient reason to overturn the decision. *See id.* Rather, under this standard reversal is appropriate only when the magistrate judge's decision strikes the Court "as wrong with the force of a 5 week old, unrefrigerated, dead fish." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

**I.       Objections to the Magistrate Judge's April 20, 2015 Order**

On February 20, 2015, the EEOC filed a motion to compel Dollar General to respond to written discovery. (Dkt. No. 88.) On April 1, 2015, the Magistrate Judge issued an oral ruling on the EEOC's Motion to Compel (Dkt. No. 96), and subsequently issued a written order memorializing that ruling. (Dkt. No. 104.) Dollar General now appeals several aspects of the Magistrate Judge's order.

### A. Other Tests and Checks

Dollar General first objects to the Magistrate Judge's ruling on discovery seeking information on what can broadly be categorized as pre-employment checks or tests that Dollar General gives to potential employees during the hiring process. At issue is Dollar General's use of its Desired Behavior Assessment ("DBA"),[1] credit checks, reference checks, and drug testing. Specifically, Dollar General challenges the following rulings on the basis of relevancy:

- In Document Requests 28 and 29, respectively, the EEOC asked for: "Documents sufficient to show any [DBA] used by Dollar General from 2004 to the present[,]" and "[d]ocuments sufficient to show the scoring methods for [the DBA]." (Dkt. No. 88-6 at 5-6.) The Magistrate Judge ordered Dollar General to "produce a copy of its most recent version of its DBA test and the scoring method for the test." (4/20/2015 Order at 2, Dkt. No. 104.)

- In Document Request 30, the EEOC asked for: "Documents sufficient to describe and provide any drug testing, credit checks, criminal background checks, [DBA], and/or reference checks done by Dollar General for its employees or conditional hires from January 1, 2004, to the present, including any policies or operating procedures setting forth any of the aforementioned methods of evaluation." (Dkt. No. 88-6 at 7.) The Magistrate Judge ordered Dollar General to produce "the most recent copy of its drug testing policy and any policies relating to credit checks or reference checks (if they exist)." (4/20/2015 Order at 2, Dkt. No. 104.)

- In Interrogatory 21, the EEOC asked Dollar General to identify "when and why" Dollar General began using the DBA and to identify "any studies done by or records kept by Defendant which track the incidents of retail theft and/or amount of shrinkage at Dollar General stores before and after Defendant began using such tests." (Dkt. No. 88-5 at 6.) The Magistrate Judge ruled that Dollar General must "produce documents reflecting any studies, testing, or analysis of whether [its] use of the DBA has resulted in reductions in employee theft and shrinkage" from 2004 to the present. (4/20/2015 Order at 2, Dkt. No. 104.)

Dollar General challenges the Magistrate Judge's rulings based on its contention that these materials are irrelevant. A party may "obtain discovery regarding any nonprivileged matter

---

[1] The DBA is a paper-based, multiple-choice assessment that applicants for employment at Dollar General are required to complete while in the store. According to Dollar General, "the DBA helps reduce shrink and improve profitability by screening out applicants whose answers indicate that they may behave in ways that may be less honest and less productive." (Obj. to 4/20/2015 Order at Ex. A, p. 17.4, Dkt. No. 114.)

3

that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Wi–Lan, Inc. v. LG Electronics, Inc.*, 2011 WL 148058, *2 (N.D. Ill. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted).[2]

In this case, the Magistrate Judge's decision ordering production by Dollar General was not contrary to law or clearly erroneous. Indeed, all of the tests required to be produced would be relevant to the EEOC's rebuttal of Dollar General's business necessity defense. Should the EEOC meet its burden of showing that the challenged criminal background checks cause a disparate impact on the basis of race, Dollar General will have the opportunity to prove that the criminal background checks are "job related" and "consistent with business necessity." *Allen v. City of Chicago*, 351 F.3d 306, 311 (7th Cir. 2003) (citing 42 U.S.C. § 2000e-2(k)(1)(A)(i)). If Dollar General has other hiring tests and checks in place that serve purposes similar to those of the criminal background check, then such evidence is relevant to whether the criminal background check is, in fact, a business necessity. Furthermore, if Dollar General is able to establish its business necessity defense, the EEOC will have the opportunity to rebut that defense by demonstrating that an alternative employment practice exists and the defendant refuses to adopt it. *Id.* at 312. The other pre-employment screening tests used by Dollar General could be

---

[2] Although Dollar General cites case law for the proposition that it is the party seeking discovery that bears the burden of demonstrating relevancy (*see* Obj. to 4/20/2015 Order at 6-7, Dkt. No. 109), the Court notes that all of the cited case law pertains to the discovery of settlement agreements in unrelated matters. *See, e.g., ABN AMRO, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2006 WL 6898001, at *2 (N.D. Ill. Jan. 30, 2006); *Glaxo, Inc. v. Torphram, Inc.*, No. 95 C 4686, 1996 WL 411487, at *5 (N.D. Ill. July 18, 1996); *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. July 15, 1994). The Court does not find this line of cases persuasive in the present context.

relevant to the EEOC's rebuttal case, as the EEOC may argue that those tests are "substantially equally valid, less discriminatory alternative employment practice[s]." *Id.* Although Dollar General exhaustively argues that its other pre-employment screens and tests do not serve the same function as the challenged criminal background check (Obj. to 4/20/2015 Order at 10-14, Dkt. No. 109), the Magistrate Judge did not act contrary to law or commit clear error in finding that these materials are relevant given their connection to claims and defenses in this case.

Finally, the Court rejects as meritless Dollar General's argument that, "[i]f the EEOC reasonably believed that other 'tests or checks' were germane to the numbers behind its statistical analysis, the EEOC was required to investigate them prior to filing the complaint in this case." (Obj. to 4/20/2015 Order at 14, Dkt. No. 109.) The case law Dollar General cites in support of this argument is wholly inapposite. Dollar General cites portions of *Schnelbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989), and *Campeau v. Neuroscience, Inc.*, No. 14-cv-324-jdp, 2015 WL 224694, at *7 (W.D. Wis. Jan. 15, 2015), establishing that allegations of Title VII violations not contained in an EEOC charge cannot be contained in a private plaintiff's complaint. *Id.* at 127. However, the current discovery dispute has nothing to do with the addition of new claims to the case, as the EEOC is not claiming that any pre-employment test, other than the criminal background check, has a disparate race-based impact on hiring.

Accordingly, the Court overrules Dollar General's objection and affirms the Magistrate Judge's April 20, 2015 order as it pertains to the EEOC's Document Requests 28 through 30 and Interrogatory 21.

### B. Interrogatories In Excess of 25

Dollar General separately objects to the Magistrate Judge's order compelling it to answer the EEOC's Interrogatories 21 and 22. Dollar General had refused to answer these interrogatories

5

on the ground that the EEOC exceeded the 25-interrogatory limit imposed by the Federal Rules of Civil Procedure. The Magistrate Judge held that "[t]o the extent that [Dollar General] refused to respond to any interrogatory on the ground that Plaintiff served too many interrogatories, the objection is overruled." (4/20/2015 Order at 3, Dkt. No. 104.) Dollar General now objects to this decision, claiming that although the EEOC has propounded interrogatories that number up to 23, when sub-parts are taken into account, "[the] EEOC has actually propounded at least fifty-seven interrogatory requests, which is more than double the Rule 33(a)(1) limit." (Obj. to 4/20/2015 Order at 18, Dkt. No. 109.)

As an initial matter, the Court notes that Dollar General greatly inflates its count of the number of interrogatories that it has been ordered to answer. The Magistrate Judge denied the EEOC's motion to compel a response to Interrogatory 23, which according to Dollar General contains 26 subparts. (*Id.* at 19.) Furthermore, Dollar General itself answered Interrogatories 1 through 20, even though it maintains that when sub-parts are taken into account the EEOC hit its 25-interrogatory limit with Interrogatory 9. The Court thus deems waived any objection to the number of interrogatories comprised by the EEOC's Interrogatories 1 through 20. The only two interrogatories at issue here, then, are Interrogatories 21 and 22, which according to Dollar General each contain two subparts.

Under Federal Rule of Civil Procedure 33, a party has a right to serve 25 written interrogatories upon another party, and may obtain leave of court to serve additional interrogatories "consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33. Rule 26(b)(2) governs the Court's determination of whether leave will be granted to serve additional interrogatories. The Court will limit discovery under that rule if (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more

6

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Here, Dollar General does not argue that the additional interrogatories implicate any of enumerated factors set forth in Rule 26(b)(2). Rather, it argues that the Magistrate Judge was clearly erroneous in failing to require the EEOC to demonstrate a particularized need for additional interrogatories. (Obj. to 4/20/2015 Order at 20, Dkt. No. 109.) While a number of district courts have held that a party must put forth a particularized showing in order to exceed the 25- interrogatory limit, *see, e.g., Med. Assur. Co. v. Weinberger*, 295 F.R.D. 176, 181 (N.D. Ill. May 26, 2011) (quoting *Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001)), Dollar General does not cite any controlling authority for its contention that a particularized showing is required. *See Matheny v. United States*, 469 F.3d 1093, 1097 (7th Cir. 2006) (district court opinions are not binding authority). Furthermore, the EEOC has stated that it needs more than 25 interrogatories because the case "is nationwide in scope, raises complicated data issues, and involves many different legal and factual areas." (EEOC Resp. at 5, Dkt. No. 125.) It was not clearly erroneous or contrary to law for the Magistrate Judge to have credited this explanation in allowing more than 25 interrogatories.[3]

---

[3] Contrary to Dollar General's contention, the Magistrate Judge did not grant the EEOC "an endless ticket to serve interrogatories." (Obj. to 4/20/2015 Order at 17, Dkt. No. 109.) Indeed, the Magistrate Judge's order provided that, "Plaintiff may not serve additional interrogatories without leave of Court." (4/20/2015 Order at 3, Dkt. No. 104.)

Accordingly, the Court overrules Dollar General's objection and affirms the Magistrate Judge's April 20, 2015 order to the extent it requires Dollar General to respond to the EEOC's Interrogatories 21 and 22.

## II. Objections to the Magistrate Judge's May 26, 2015 Order

Dollar General also objects to the Magistrate Judge's May 26, 2015 order finding that certain materials Dollar General sought in discovery are protected by the deliberative process privilege. (Dkt. No. 138.) The EEOC asserted this privilege in response to Dollar General Interrogatory 2 and Request for Production Number 3, which led Dollar General to file a motion to compel before this Court.[4] (Dkt. No. 63 at 3-4) This Court then ordered the EEOC to deliver copies of the withheld documents (Bates-labelled E0000644-50, E0000813-816, E0000817-21, and E0000654) to the Magistrate Judge for *in camera* review and directed the Magistrate Judge to "determine the applicability of the asserted privileges in light of the governing legal principles." (Dkt. No. 111 at 8.) In its May 26, 2015 order, the Magistrate Judge found that the EEOC had properly asserted the deliberative process privilege.

The "deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The purpose of this privilege is to "prevent injury to the quality of agency decisions" by fostering frank and candid communications among decisionmakers. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975). Thus, the deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) (internal quotations omitted). The privilege "does not justify the withholding of purely factual material, nor of documents reflecting an

---

[4] The EEOC also contends that these documents are protected by the attorney work product privilege.

agency's final policy decisions, but it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions." *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 374-75 (7th Cir. 2004). A party seeking documents that fall within the scope of the deliberative process privilege may nonetheless require the government to produce the privileged documents by making a showing that the party's need for the documents outweighs the government's interest in not disclosing them. *Farley*, 11 F.3d at 1389-90.

Having reviewed the documents in question, the Court finds that the Magistrate Judge did not commit clear error or act contrary to law in determining that they are protected by the deliberative process privilege. Each includes or references statistical analyses regarding whether Dollar General's use of background checks has a disparate impact on the hiring of African-Americans. These analyses are predecisional in nature, as they arose in the context of evaluating whether or not to sue Dollar General. And notwithstanding Dollar General's argument that "it is evident from the EEOC's own description of these documents that they contain purely factual information that can be segregated from any deliberative process" (Obj. to 5/26/2015 Order at 5, Dkt. No 138), the Court agrees with the Magistrate Judge that "[t]he raw data and accompanying analyses are inextricably intertwined, making the entirety of the withheld documents both predecisional and deliberative in nature." (5/26/2015 Order at 5, Dkt. No. 130.)

Furthermore, Dollar General mischaracterizes the EEOC's description of the documents in its privilege log entries. According to Dollar General, these descriptions "do not imply that the documents were anything more than pure statistical reports, which are not protected by the deliberate process privilege." (Obj. to 5/26/2015 Order at 5, Dkt. No. 138.) Dollar General fails to note, however, that the EEOC stated on its privilege log that all of the documents at issue were created "to evaluate merits of claims." (Dkt. No. 71-1 at 7). The Court's review of these

9

documents confirms that the descriptions are accurate: all of the documents contain statistical analyses specifically geared toward evaluating potential claims against Dollar General.

Dollar General cites a number of cases for the proposition that the EEOC should be required to produce the documents because "pure statistical reports . . . are not protected by the deliberate [*sic*] process privilege. (Obj. to 5/26/2015 Order at 5, Dkt. No. 138.) But none of these cases are persuasive, as each involves documents very different in nature from those presently before the Court. In *Pacific Molasses Co. v. NLRB. Regional Office # 15*, 577 F.2d 1172 (5th Cir. 1978), for example, the document that the Fifth Circuit analyzed included only the number of employees in a prospective collective bargaining unit, the number of signed authorization cards, and the percentage of people in the unit who signed the cards. *Id.* at 1183 n.8. The Fifth Circuit found that the report at issue was "little more than a mechanically compiled statistical report which contains no subjective conclusions, and, as a result, must be considered 'purely factual' in nature." *Id.* at 1183. Similarly, in *EEOC v. Fina Oil and Chemical Co.*, the district court ordered produced reports with "evaluative sections that are easily segregable from the 'purely factual' material," and a statistical report on employment by race that the district court found was "not deliberative in nature." 145 F.R.D. 74, 76 (E.D. Texas 1992). Finally, Dollar General cites *Parmelee v. True*, No. 93 C 7362, 1999 WL 104713 (N.D. Ill. Feb. 25, 1999), but that case dealt with factual narratives prepared by witnesses in the case. *Id.* at *1. The court found that those witness statements were "segregable from, and in no way reveal anything about, the agency's deliberations." *Id.*

Unlike the materials at issue in *Pacific Molasses*, *Fina Oil*, and *Parmalee*, the statistical materials in this case are integral to the deliberative purpose of the documents: to determine

whether the criminal background check at issue in this litigation has a disparate impact on African-American job seekers and whether to pursue claims against Dollar General.

Thus, the Court denies Dollar General's objection to the Magistrate Judge's May 26, 2015 Order. However, although the Magistrate Judge properly analyzed the nature of the withheld materials as being protected from discovery by the deliberative process privilege, she did not consider whether Dollar General has sufficiently demonstrated a particularized need for the materials. For this reason, the Court remands this matter back to the Magistrate Judge for a determination of whether Dollar General has established a particularized need for the documents that exceeds the EEOC's need for confidentiality. *See Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005).

## CONCLUSION

For the reasons stated above, Dollar General's objections (Dkt. Nos. 109, 138) are overruled, with the exception that, with respect to the May 26, 2015 order, the Court remands to the Magistrate Judge the issue of whether Dollar General has established a particularized need for the materials deemed protected by the deliberative process privilege that exceeds the EEOC's need for confidentiality.

ENTERED:

Dated: November 17, 2015

Andrea R. Wood
United States District Judge