# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Case No. 1:13-CV-4307** |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL,** | § § § | **Judge Andrea Wood** |
| **Defendant.** | § § § § | **Magistrate Judge Finnegan** |

## EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

There is no factual dispute that (1) EEOC received charges alleging that Dollar General discriminated against Blacks through its background check policy, (2) EEOC investigated these charges and found reasonable cause that Dollar General had engaged in racial discrimination through its application of its criminal background check, and (3) EEOC attempted to conciliate with Dollar General. Nevertheless Dollar General has raised affirmative defenses that (1) EEOC's claims are barred as beyond the scope of the Charges of Discrimination, EEOC's investigation, and conciliation process and (2) EEOC failed to meet conditions precedent by failing to conciliate in good faith. Defendant's Answer VI ¶ 7 & 8. Both defenses fail as a matter of law. Despite EEOC informing Dollar General that these defenses lack a factual and legal basis, Dollar General continues to seek discovery related to these issues. *See e.g.,* Def. Mot. to Compel Dkt # 63 and Def.'s Suppl. Br. on "Particularized Need" Dkt. 190. Therefore, EEOC seeks summary judgment on these two affirmative "defenses" and an order barring discovery on these issues.

## BACKGROUND

On October 29, 2004, Regina Fields-Herring filed a charge of discrimination ("Charge") against Dollar General with the Equal Employment Opportunity Commission. SOF ¶ 1. Fields-Herring's Charge stated that she had been terminated for a felony conviction and she believed that she had been discriminated against because of her race, Black, in violation of Title VII. SOF ¶ 1. The EEOC received a similar Charge on March 3, 2009 from Alesia Hightower who alleged that Dollar General had discriminated against her on the basis of her race when it discharged her. SOF ¶ 3. Both charges were served on Dollar General. SOF ¶ 2 & 4. EEOC conducted an investigation into these charges and issued two Letters of Determination on September 6, 2011. SOF ¶ 5. The Letters of Determination notified Dollar General that EEOC found reasonable cause to believe that Dollar General had discriminated against Black applicants and employees through its application of its background check policy. SOF ¶ 5. The Letters of Determination also invited Dollar General to participate in a conciliation process. SOF ¶ 6. Between September 6, 2011, and July 26, 2012, EEOC and Dollar General engaged in written and oral communications in an attempt to remedy the discrimination. SOF ¶ 7-8. These communications did not result in a conciliation agreement acceptable to EEOC. SOF ¶ 7. On July 26, 2012, EEOC's District Director issued a notice to Dollar General that EEOC was concluding conciliation efforts as they had been unsuccessful. SOF ¶ 8.

During litigation, Dollar General alleged an "affirmative" defense regarding conciliation in its Answer. *See* Defendant's Answer VI ¶ 7 & 8. It has sought discovery related to conciliation. Def. Mot. to Compel Dkt # 67. It also claims that it has a particularized need for investigative documents protected from disclosure by the government deliberative process privilege in order to help Dollar General prove that EEOC did not comply with its conciliation obligations. *See* Def. Suppl. Br. Dkt # 190. Where the alleged defenses lack a factual and legal basis, any discovery on

those defenses wastes the parties' and court's resources and distracts the parties from addressing the merits of the case.

**ARGUMENT**

### A. Partial Summary Judgment Standard

The district court can rule on a motion for partial summary judgment where the moving party seeks dismissal of affirmative defenses. *Wildey v. Springs*, No. 92 C 8146, 1993 WL 350195, (N.D. Il. Sept. 7, 1993); *EEOC v. General Motors Corp.*, 826 F. Supp. 1122 (N.D. Ill. 1993) (granting plaintiff's motion for partial summary judgment on two of defendant's affirmative defenses). To prevail on a motion for summary judgment, the moving party must demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996) ("[w]here there is no genuine issue of material fact, the sole question is whether the moving party is entitled to judgment as a matter of law"). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is met, the nonmoving party must come forward and establish specific facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 474 U.S. 574, 588 (1986).

### B. Dollar General's affirmative defense that EEOC's claims are outside the scope of the charge and administrative investigation fails as a matter of law.

Dollar General's alleged affirmative defense that EEOC's Complaint is beyond the scope of the initial charge and administrative investigation has no legal basis.[1] EEOC complaints are not governed by the allegations in a charging party's charge, but instead, are governed by the reasonable cause findings made by EEOC in its Letter of Determination. Unlike a private plaintiff, EEOC's ability to bring suit is not limited by the allegations in the Charge of Discrimination. EEOC does not

---

[1] EEOC disputes that its Complaint is beyond the scope of the Charging Parties' charges or the administrative investigation; however, this dispute is immaterial to the resolution of this motion.

3

simply stand in the Charging Party's shoes to conduct litigation, but rather Title VII "makes the EEOC the master of its own case." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002). As the Supreme Court recognized in *General Tel. Co. v. EEOC*, 446 U.S. 318, 331 (1980), the EEOC may bring suit on any violation it finds in the course of its investigation and is not "confined to claims typified by those of the Charging Party." *See also EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 832-833 (7th Cir. 2005).

Furthermore, the scope of EEOC's investigation is not judicially reviewable. In *EEOC v. Caterpillar, Inc.*, 409 F.3d 831 (7th Cir. 2005), after the Commission notified Caterpillar that it had 'reasonable cause to believe that Caterpillar discriminated against [the charging party] and a class of female employees, based on their sex,' Caterpillar moved for summary judgment on the ground that EEOC's allegation of plant-wide discrimination was unrelated to the original individual charge. *Id.* at 832. The district court denied the motion but certified the following question for interlocutory appeal: "In determining whether the claims in an EEOC complaint are within the scope of the discrimination allegedly discovered during the EEOC's investigation, must the court accept the EEOC's Administrative Determination concerning the alleged discrimination discovered during its investigation, or instead, may the court itself review the scope of the investigation?" *Id.*

The Seventh Circuit answered unequivocally that a court "has no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation." *Id.* at 833. "The existence of probable cause to sue is generally and in this instance not judicially reviewable." *Id.*; *see also EEOC v. Keco*, 748 F.2d 1097, 1100 (6th Cir. 1984) ("It was error for the district court to inquire into the sufficiency of the Commission's investigation"). As the Sixth Circuit has explained, "the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." *Id.*

Consistent with the *Caterpillar* decision, district courts in this Circuit have declined to review

the sufficiency of EEOC's investigation or permit discovery into such matters. *See EEOC v. Autozone, Inc,* No. 14-cv-3385, 2015 WL 6710851 (N.D. Ill. Nov. 2, 2015)("[U]nder this Circuit's precedent, the Court may not inquire into the sufficiency of the EEOC's pre-suit investigation in order to 'limit' the scope of the litigation"); *EEOC v. UPS,* No. 09-cv-5291, 2013 WL 140604, *7 (N.D. Ill. Jan. 11, 2013); *EEOC v. Source One Staffing,* No. 11 C 6754, 2013 WL 25033, *5 (N.D. Ill. Jan. 2, 2013) (sufficiency of investigation not proper subject of discovery); *EEOC v. United Road Towing,* No. 10 C 6259, 2012 WL 1830099, *3-*4 (N.D. Ill. May 11, 2012) ("[C]ourts may not review EEOC administrative investigations to determine whether a particular investigation sufficiently supports the claims that the EEOC brings in a subsequent lawsuit").

In the present case, it is undisputed that the EEOC issued Letters of Determination that gave Dollar General notice that EEOC found reasonable cause to believe that Dollar General had discriminated against Black applicants and employees through its application of it background check policy in violation of Title VII. SOF ¶ 5. It is this finding that governs EEOC's ability to bring suit, not the Charging Parties' charges, and Dollar General cannot dispute that the allegations in EEOC's complaint are the same as those in EEOC's reasonable cause determination.

**C. There Are No Genuine Issues of Material Fact as to Whether the Agency Fulfilled its Pre-Suit Obligation to Conciliate Under *Mach Mining v. EEOC*.**

EEOC's conciliation efforts with Dollar General met the standards outlined by the Supreme Court in *Mach Mining v. EEOC ,* 135 S.Ct. 1645 (2015). In *Mach Mining,* the Supreme Court laid out the two-step process required for EEOC to meet its conciliation obligation and described the limited judicial review of that process. First, "the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.' Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." 135 S.Ct. at 1655-56. Second, "the

EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 1656.

The Supreme Court limited judicial review of conciliation to "whether the EEOC attempted to confer about a charge, and not what happened (i.e., statements made or positions taken) during those discussions." *Id.* at 1656. This is consistent with the confidentiality requirements of Title VII which state that "[n]othing said or done during" conciliation may be "used as evidence in a subsequent proceeding." 42 U.S.C. § 2000e-5(b). Districts courts following *Mach Mining* have repeatedly refused to accept employers' invitations to second-guess EEOC's conciliation efforts where there is no dispute that some conciliation discussions occurred. *See e.g. EEOC v. Celadon Trucking Servs., Inc.*, No. 1:12-cv-00275-SEB-TAB, 2015 WL 3961180, at * 31 (S.D. Ind. June 30, 2015) (denying Celadon's motion for summary judgment where EEOC had notified employer of violation and engaged in conciliation discussion); *EEOC v. Blinded Veterans Assoc.*, --- F. Supp. 3d ---, Civil Action No. 14-2102 (RDM), 2015 WL 5148737, at *7 (D.D.C. July 7, 2015)(same); *EEOC v. Lawler Foods, Inc.*, No. 14-cv-03588, 2015 U.S. Dist. LEXIS 167178 (S.D. Tex. Dec. 4, 2015)(magistrate judge recommending summary judgment be granted to the EEOC where EEOC notified Lawler of the allegations in its "like or related letters" and determination letter and engaged in discussions with Lawler).[2]

In accord with *Mach Mining*, EEOC has put forth undisputed evidence in this case that it met its obligation to conciliate. The Letters of Determination provided notice of the allegations in this case, namely that Dollar General's use of a criminal background check had a discriminatory impact on Black applicants and conditionally hired employees. SOF ¶ 5. The sworn affidavit by District Director Julianne Bowman indicates that after issuing the Letters of Determination, EEOC and

---

[2] In *EEOC v. OhioHealth Corp.*, Case No 2:13-cv-780, 2015 WL 3952339 (S.D. Ohio June 29, 2015), the district court wrongly relied on a "good faith" standard and set certain requirements that the Supreme Court explicitly rejected in *Mach Mining*. Therefore, its holding is inapplicable here.

Dollar General had written and oral communications in an effort to remedy the alleged discriminatory practices. SOF ¶ 7.

Dollar General cannot produce any evidence that would contravene the barebones facts of conciliation in this case: Dollar General had notice of the allegations and an opportunity to remedy the violation through conciliation discussions. Thus, under the standards set by *Mach Mining*, the EEOC is entitled to summary judgment on the conciliation issue.

## CONCLUSION

Based on the foregoing, the EEOC has shown that there are no genuine issues of material fact, and EEOC is entitled to judgment as a matter of law on Dollar General's Affirmative Defenses #7 and #8. EEOC requests that the Court enter partial summary judgment for the EEOC and an order barring further discovery on these defenses.

Dated: January 15, 2016

Respectfully Submitted,

*/s/ Brandi Davis*
Brandi Davis
Jeanne B. Szromba
Richard J. Mrizek
Ethan Cohen
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8105