IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) DOLGENCORP, LLC d/b/a DOLLAR ) GENERAL, ) ) Defendant. ) | No. 13-cv-04307<br><br>Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

This case concerns the allegedly discriminatory use of criminal background checks in hiring and firing determinations by Defendant Dolgencorp, LLC ("Dollar General"). After receiving charges of discrimination from two former Dollar General employees, the United States Equal Employment Opportunity Commission ("EEOC") investigated and determined that there was reasonable cause to believe that Dollar General had engaged in employment discrimination on the basis of race. Thereafter, the EEOC brought this lawsuit against Dollar General under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Now before this Court is the EEOC's motion for partial summary judgment on Dollar General's seventh and eighth enumerated defenses: that the EEOC's claims are barred as beyond the scope of the charges of discrimination and the EEOC's investigation (7th enumerated defense), and that the EEOC failed to satisfy the statutory precondition for bringing suit when it failed to conciliate with Dollar General (8th enumerated defense). The EEOC contends that, on the undisputed facts, these two defenses fail as a matter of law. The Court agrees and grants the EEOC's motion.

**BACKGROUND**

On October 29, 2004, Regina Fields-Herring filed with the EEOC a charge of discrimination against her employer Dollar General. (Pl.'s Stmt. of Undisp. Facts ¶ 1, Dkt. No. 197.) Fields-Herring's charge stated that she had been terminated for a felony conviction and she believed that she had been discriminated against because she is Black, in violation of Title VII. (*Id.*) On March 3, 2009, the EEOC received a similar charge of discrimination from another former Dollar General employee, Alesia Hightower, who alleged that Dollar General had discriminated against her on the basis of her race when it discharged her. (*Id.* ¶ 3.) Both charges of discrimination were served on Dollar General. (*Id.* ¶¶ 2, 4.)

The EEOC investigated the charges and issued two Letters of Determination on September 6, 2011.[1] (*Id.* ¶ 5.) The Letters of Determination notified Dollar General that the EEOC had found "reasonable cause to believe that, through the application of its background check policy, [Dollar General] discriminated against a class of employees . . . because of their race, Black, in that they were not hired and/or considered for employment, in violation of Title VII" and "that, through the application of its background check policy, [Dollar General] discriminated against a class of employees . . . because of their race, Black, in that they were discharged, in violation of Title VII." (EEOC Determination Letters, Dkt. No. 197-1, at 14, 16 of 19.) The Letters of Determination also invited Dollar General to participate in a conciliation process. (Pl.'s Stmt. of Undisp. Facts ¶ 6, Dkt. No. 197.)

Between September 6, 2011 and July 26, 2012, the EEOC and Dollar General engaged in written and oral communications regarding the alleged discrimination. (*Id.* ¶ 7.) Those communications did not result in a conciliation agreement acceptable to the EEOC. (*Id.*) On July

---

[1] Dollar General does not dispute that the EEOC conducted an investigation but denies that the investigation was appropriately conducted or sufficiently thorough. (Def. Resp. to Pl.'s Stmt. of Undisp. Facts at 2, Dkt. No. 273.)

26, 2012, the EEOC's District Director issued a notice to Dollar General that the EEOC was concluding conciliation efforts, as they had been unsuccessful in the EEOC's view. (*Id.* ¶ 8.)

## DISCUSSION

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a summary judgment motion is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a summary judgment motion, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).

The EEOC filed this motion seeking summary judgment on two of Dollar General's defenses: (1) that the EEOC's claims are barred because they are beyond the scope of the charges of discrimination and the EEOC's investigation, and (2) that the EEOC failed to satisfy the statutory precondition for bringing suit when it failed to conciliate with Dollar General. The Court considers each defense in turn.

3

**I.      Scope of the Charges of Discrimination and the EEOC's Investigation**

Dollar General's seventh enumerated defense relies upon two separate propositions: first, the EEOC's claims are barred because they go beyond the claims delineated in the charges of discrimination that generated the EEOC's lawsuit; and, second, the EEOC's claims are barred because the EEOC failed to investigate those claims adequately prior to bringing suit.

When the EEOC files suit, it "is not confined to claims typified by those of the charging party." *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005) (internal quotation marks omitted). "Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable. The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to its suit." *Id.* (internal quotation marks and citations omitted). Thus, Dollar General's focus on the charges of discrimination is misplaced here, as it is the EEOC that is bringing suit against Dollar General and not private parties.

For similar reasons, the Seventh Circuit has held that, "[i]f courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation. The existence of probable cause to sue is generally . . . not judicially reviewable." *Id.*; *see also EEOC v. AutoZone, Inc.*, 141 F. Supp. 3d 912, 915 (N.D. Ill. 2015), as amended (Nov. 4, 2015) (applying *Caterpillar* and explaining that "under this Circuit's precedent, the Court may not inquire into the sufficiency of the EEOC's pre-suit investigation in order to 'limit' the scope of the litigation"). Thus, the Court denies Dollar General's motion

insofar as it seeks to dismiss the EEOC's claims because they go beyond the charges of discrimination or because they were not subject to an adequate pre-suit investigation.[2]

## II.     The EEOC's Compliance with the Requirement of Pre-Suit Conciliation

Dollar General's eighth enumerated defense contends that this suit cannot go forward because the EEOC did not satisfy its pre-suit statutory obligation to conciliate with Dollar General.

Section 2000e-5(b) provides the following directive to the EEOC:

> If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned.

42 U.S.C. § 2000e-5(b). In *Mach Mining, LLC v. EEOC*, the Supreme Court clarified the proper scope of judicial review of the EEOC's conciliation obligations:

> [T]he EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of "reasonable cause." Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result. And the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute.

135 S. Ct. 1645, 1655–56 (2015) (internal citations omitted). Dollar General contends that the EEOC failed to satisfy the requirements set forth in *Mach Mining* because the EEOC failed to

---

[2] The court in *AutoZone, Inc.* suggested that, in light of the Supreme Court's ruling in *Mach Mining, LLC v. EEOC*, 135 S. Ct. 1645 (2015), courts may have to undertake a limited determination of whether the EEOC conducted any investigation into the claims (but without looking into the substance of the investigation). *AutoZone, Inc.*, 141 F. Supp. 3d at 917. The Seventh Circuit has not yet addressed this question. But as here it is undisputed that the EEOC conducted an investigation, the Court need not opine on whether judicial review so extends. (Def. Resp. to Pl.'s Stmt. of Undisp. Facts at 2, Dkt. No. 273.)

provide adequate notice of the allegations of discrimination and the EEOC did not adequately engage Dollar General in conciliation discussions.

### A. *Notice of the Charge*

As noted, the undisputed facts reveal that the EEOC sent two Letters of Determination to Dollar General. Those letters stated that the EEOC found reasonable cause to believe that Dollar General engaged in wrongful discrimination in violation of Title VII because, through application of its background check policy, a class of Black applicants and employees were not hired, not considered for employment, or discharged. (EEOC Determination Letters, Dkt. No. 197-1, at 14, 16 of 19.) In addition, the letters referenced Fields-Herring's and Hightower's charges of discrimination, and Fields-Herring's charge explained that she was discharged because of her felony conviction. (*Id.* at 14, 16 of 19; Charges of Discrimination, Dkt. No. 197-1, at 6, 10 of 19.) Dollar General contends that this notice of the charge against it was not specific enough because it failed to identify the persons allegedly harmed and to identify the allegedly discriminatory practice. Dollar General is mistaken on both points.

*First*, the EEOC's letters clearly set forth that there were Black applicants and employees who were harmed by the allegedly discriminatory practice. Dollar General argues that this was not enough, however, and further contends that the EEOC could not have provided sufficiently specific information because its investigation was lacking. But, as the Seventh Circuit has explained, the sufficiency of the EEOC's investigation is not a matter for this Court to second-guess. *Caterpillar*, 409 F.3d at 833.

Dollar General cites *EEOC v. United Parcel Services*, 94 F.3d 314 (7th Cir. 1996), for the proposition that the EEOC does not have absolute freedom to bring its claims. In particular, Dollar General quotes the Seventh Circuit's statement that the EEOC "may, to the extent

6

warranted by an investigation reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals beyond the charging parties who are identified during the investigation." (Def. Memo. in Opp. to Pl.'s Mot. for Partial Summ. J. at 22, Dkt. No. 271 (citing *United Parcel Services*, 94 F.3d at 318)). From this, Dollar General mistakenly concludes that this Court may review the sufficiency of the EEOC's investigation. However, even if the language of *United Parcel Services* were understood to mean that courts may review the sufficiency of the EEOC's pre-suit investigation, such an interpretation would have been *obiter dicta* that was subsequently—and decisively—rejected by the Seventh Circuit in *Caterpillar*.[3]

The relevant question here is whether the EEOC provided notice in its Letters of Determination as to the persons or class of persons affected by the alleged discriminatory practice. This it most certainly did: the affected persons or class of persons consisted of Black applicants and employees who were not hired, not considered for employment, or discharged due to the application of the background check policy. While Dollar General may have desired more details about the allegedly affected persons, it has provided no authority that it was entitled to anything more than what it received from the EEOC at the conciliation stage.

*Second*, Dollar General's claim that the EEOC failed to specifically describe the allegedly discriminatory practice also fails. Dollar General complains that merely pointing to the background check policy is not sufficient; the EEOC should have at least explained what portion of the background check policy was discriminatory. But again, Dollar General has cited no authority to support that anything more than what the EEOC provided was required.

---

[3] Dollar General also cites other non-binding cases in support of its argument that this Court should review the sufficiency of the EEOC's investigation. (*Id.* at 10 (citing *EEOC v. CRST Van Expedited, Inc.*, 2009 WL 2524402 (N.D. Iowa Aug. 13, 2009); *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003); *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96 (2d Cir. 2015).) But, in light of the Seventh Circuit's clear holding in *Caterpillar*, Dollar General's reliance on these cases is unpersuasive.

7

Dollar General cites only *AutoZone*, but that case is inapposite. There, the EEOC's notice provided one more sentence of detail about the allegedly discriminatory practice than the notice at issue here. The *AutoZone* notice read:

> I have determined that the evidence obtained during the course of the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party and a class of other employees at its stores throughout the United States because of their disabilities, in that they were discharged because of disability-related absences and denied reasonable accommodations in connection with such absences, in violation of the ADA. Specifically, beginning in early 2009, Respondent maintained an attendance policy under which employees were assessed points and eventually discharged because of absences, including disability-related absences.

*AutoZone, Inc.*, 141 F. Supp. 3d at 917. Despite the fact that the EEOC's notice in *AutoZone* was slightly more developed than that provided here, nothing in that case suggests that the EEOC's notice in this case was deficient. In fact, the court in *AutoZone* suggested that it was enough that the EEOC informed the employer that the target of the EEOC's investigation was its attendance policy. *Id.* ("The amended determinations clearly put AutoZone on notice that the EEOC has conducted an investigation of AutoZone's attendance policy . . . ."); *EEOC v. Mach Mining, LLC*, 161 F. Supp. 3d 632, 637 (S.D. Ill. 2016) (finding that notice stating that employer "discriminated against Charging Party and a class of female applicants, because of their sex, in that Respondent failed to recruit and hire them, in violation of Title VII" satisfied statutory obligation).

The Court concludes that EEOC's notice provided Dollar General with enough information for Dollar General to investigate the allegations: Dollar General knew that the EEOC's allegations related to Black applicants and employees that were not hired, not considered for employment, or discharged due to failing a background check. Furthermore, Dollar General knew two of the complainants. This was enough to put Dollar General on notice

8

of what it had allegedly done and to enable it to investigate for itself whether there was any wrongdoing. It may have been advisable for the EEOC to provide Dollar General with more detail but, as *Mach Mining* stressed, this Court's review is "barebones" and not meant to micromanage the EEOC's exercise of its statutorily granted discretion. *Mach Mining*, 135 S. Ct. at 1656.

### B. *Conciliation Discussions*

Dollar General also contends that the EEOC's conciliation discussions were inadequate because the EEOC did not provide Dollar General with an opportunity to remedy the allegedly discriminatory practice. On this point, Dollar General reiterates its argument that the EEOC's notice was deficient, which it now argues rendered the EEOC's conciliation discussions inadequate. Specifically, Dollar General contends that the EEOC was required to give Dollar General details about the individuals against whom it allegedly discriminated and to identify how Dollar General's background check policy discriminated against them. In so doing, Dollar General repeats its request that the Court engage in a deep-dive into the EEOC's investigation.

But by now it is well-treaded ground that this Court cannot examine the sufficiency of the EEOC's investigation—that is beyond the scope of its review. Moreover, *Mach Mining* is clear that the Court's review of the conciliation communications between the EEOC and an employer is extremely narrow. "[A] court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.*, statements made or positions taken) during those discussions." *Mach Mining*, 135 S. Ct. at 1656. Here, it is undisputed that, between September 6, 2011 and July 26, 2012, the EEOC and Dollar General engaged in written and oral communications regarding the alleged discrimination. And that is where the scope of this Court's review ends. *See EEOC v. Celadon Trucking Servs., Inc.*, 2015 WL 3961180, at *31 (S.D. Ind.

9

June 30, 2015) (applying *Mach Mining*'s "barebones review" and granting summary judgment on failure to conciliate because the record evidence supported that the EEOC engaged in communications with employer concerning the charge of discrimination).[4] Thus, Dollar General's argument that the EEOC did not adequately engage Dollar General in conciliation discussions fails.[5]

---

[4] Dollar General cites *EEOC v. OhioHealth Corp.*, 115 F. Supp. 3d 895 (S.D. Ohio 2015), in support of its contention that this Court should engage in a more robust review of the conciliation communications. The district court in *OhioHealth* did engage in a detailed review, but only after finding that the EEOC had introduced evidence about the conciliation communications and therefore "invite[d] this Court to push the limits of the narrow judicial review of conciliation contemplated by the Supreme Court in *Mach Mining, LLC*." *Id.* at 898. There has been no such invitation here.

    Moreover, the governing statute directs that "[n]othing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S. Code § 2000e–5(b). The review of the conciliation discussions for which Dollar General argues would necessitate violation of this statutory provision, and that alone indicates that it cannot be correct. *See Mach Mining*, 135 S. Ct. at 1655 (crafting narrow review of conciliation discussions due in part to the need to preserve the statutory non-disclosure provision); *Mach Mining, LLC*, 161 F. Supp. 3d 632, 635 (S.D. Ill. 2016) (stating, on remand from the Supreme Court, that *OhioHealth* "is not persuasive to the Court as it impermissibly considered positions taken by the parties during the conciliation"); *EEOC v. Amsted Rail Co.*, 169 F. Supp. 3d 877, 885 (S.D. Ill. 2016) (same); *EEOC v. Dimensions Healthcare Sys.*, 188 F. Supp. 3d 517, 523 (D. Md. 2016) ("The *OhioHealth* court found that, in these ways, the EEOC failed to negotiate in good faith. This level of review far exceeds that which is contemplated by *Mach Mining*.").

[5] Even if the EEOC had not satisfied its statutory conciliation obligations, it is doubtful that dismissal would be the appropriate remedy rather than staying the case to allow the EEOC to conduct the mandated conciliation efforts and seek voluntary compliance by Dollar General. *See Mach Mining, LLC*, 135 S. Ct. at 1656 (directing the court on remand, if it were to find in favor of the employer, to stay the case and require the EEOC to undertake the mandated efforts to obtain voluntary compliance); *EEOC v. Jetstream Ground Servs., Inc.*, 134 F. Supp. 3d 1298, 1316 n.12 (D. Colo. 2015) (noting that if "the EEOC did not attempt to engage in a discussion about conciliating a claim, the proper remedy is not dismissal" following *Mach Mining*)*; but see EEOC v. CollegeAmerica Denver, Inc.*, 2015 WL 6437863, at *3 (D. Colo. Oct. 23, 2015) (finding that dismissal was not inappropriate in a case involving the EEOC's failure to provide notice, as well as a failure to conciliate, even in light of *Mach Mining*).

## CONCLUSION

For the foregoing reasons, the Court grants the EEOC's motion for partial summary judgment on Dollar General's seventh and eighth enumerated defenses. (Dkt. No. 196.)

Dated: April 10, 2017

Andrea R. Wood
United States District Judge