**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 13 CV 4307 |
| v. | ) ) | Judge Andrea Wood |
| DOLGENCORP, LLC d/b/a Dollar General, | ) ) ) | Magistrate Judge Finnegan |
| Defendant. | ) ) | |

**<u>CONSENT DECREE</u>**

1.       On June 11, 2013, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed a lawsuit, Case No.: 13 CV 4307 (the "Lawsuit"), against Defendant Dolgencorp, LLC ("Dollar General") alleging that it discriminated against a class of Black applicants and conditional hires by failing to hire them because of their race, in violation of Sections 703(a)(1), (a)(2) and (k) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), (a)(2) and (k).  EEOC alleged that since at least January 2004, and continuing to the present, Dollar General subjected a class of aggrieved Black applicants and conditional hires to discrimination because of their race, Black, in violation of Title VII, by using a selection criterion and process for hiring, namely, use of criminal conviction history, that has a disparate impact on Blacks, is not job-related, and is not justified by business necessity. In response, Dollar General filed an answer denying all of these allegations and asserting that it does not conduct criminal background checks of applicants, that its criminal background check of conditional hires did not and does create a disparate impact on Blacks and that its criminal background check was job-related and justified by business necessity.

1

2.      In the interest of resolving this Lawsuit, and as a result of comprehensive settlement negotiations, EEOC and Dollar General (together, the "Parties") have agreed that this Lawsuit should be finally resolved by entry of this Consent Decree (the "Decree"). Neither Dollar General nor EEOC admits the claims or defenses raised by the other party in this case.

3.      EEOC will not use the Charges relating to this Lawsuit (Charge Nos. 210-2005-00463 and 440-2009-02284), or any other pending charge, as the jurisdictional basis for filing any other lawsuit or lawsuits against Dollar General alleging that its use of criminal conviction history discriminated against Black applicants or conditional hires from 2004 to the present. If Dollar General complies with Paragraphs 13 to 20, below, EEOC will not challenge Dollar General's use of criminal conviction history in hiring decisions based on any theory of disparate impact pursuant to Sections 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. § 2000e-2(a)(1), (a)(2) and (k), for the term of the Decree, except as provided by this Decree, and will not bring an additional lawsuit against Dollar General on this basis during the term of the Decree.

4.      This Decree fully and finally resolves all issues and claims arising out of Charge Nos. 210-2005-00463 and 440-2009-02284 and the Complaint filed by EEOC in this Lawsuit.

## FINDINGS

5.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

6.      This Court has jurisdiction of the subject matter of this action and of the Parties.

7.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Dollar General, the Eligible Claimants (defined in Paragraph 34 below), and the public interest are adequately protected by this Decree.

8.     This Decree and the accompanying Release conform to the Federal Rules of Civil Procedure and Title VII and are not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties, the Eligible Claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTIONS

9.     Dollar General shall not consider criminal history[1] as part of its employment process unless it complies with Paragraphs 13-20 below and shall not engage in unlawful intentional discrimination toward conditional hires on the basis of race in implementing any such employment process.

10.     Dollar General shall not engage in any form of retaliation against any person because such person has opposed any practice related to Dollar General's use of criminal history; filed a charge of discrimination related to such practice; testified or participated in any manner in any investigation, proceeding, or hearing related to such practice; asserted any rights under this Decree; or benefited from the relief provided by this Decree.

11.     Dollar General shall not discourage individuals with criminal histories from applying for employment with Dollar General. Dollar General will advise its employees that individuals with criminal histories should not be discouraged from applying for employment with Dollar General.

12.     If Dollar General elects to continue using criminal history in hiring decisions, it shall, within forty-five (45) calendar days of the entry of this Decree, temporarily modify its use of criminal history in hiring decisions to conduct internal individualized review for the

---

[1] For the purpose of this Decree, criminal history refers to criminal convictions.

misdemeanor crimes listed in Exhibit A and consider the factors listed in Paragraph 21(a). These modifications shall remain in place until the process set forth in Paragraphs 13-20 below is completed and the recommendations are implemented.

## ENGAGEMENT OF CRIMINAL HISTORY CONSULTANT

13.     If Dollar General elects to continue to consider criminal history in hiring decisions, within thirty (30) calendar days of the entry of this Decree, Dollar General will retain Criminal History Consultant Shawn Bushway (the "Consultant") to evaluate the use of criminal history in hiring decisions by Dollar General.

14.     The Consultant will make recommendations for the consideration of criminal history in hiring decisions by Dollar General. The purpose of these recommendations is to ensure that Dollar General's use of criminal history in hiring decisions is job-related and consistent with business necessity. In developing the recommendations, the Consultant will consider the following, using his professional judgment:

        a.     the depositions taken in this case;

        b.     the relevant publications on the use of criminal history for hiring decisions;

        c.     the time that has passed since the conviction or release from incarceration, whichever is most recent, in determining the appropriate exclusionary period, if any;

        d.     the types of behaviors typified by the crimes committed;

        e.     the number of past offenses;

        f.     the nature and gravity of the past offenses;

        g.     the age of the applicant at the time of conviction and at the time of application;

        h.     the nature of and risks associated with Dollar General's workplace;

       i.       the potential for recidivism;

       j.       Dollar General's sale of certain merchandise, including, but not limited to, beer, wine, and tobacco;

       k.       Dollar General's job positions and duties, operational structure, and business objectives, including, but not limited to, loss prevention; and

       l.       the nature of the job held or sought, which includes the nature of the job's duties (e.g., access to cash and merchandise); identification of the job's essential functions; and the circumstances under which the job is performed (e.g., the level of supervision, oversight, and interaction with co-workers or vulnerable individuals, and the number of employees present during operating hours).

15.     In developing the recommendations, the Consultant may also consider, using his professional judgment, any other factors or information the Consultant deems relevant or are provided by Dollar General.

16.     The Consultant may request information from EEOC, with notice to Dollar General.

17.     The Consultant will provide a copy of the recommendations to Dollar General and EEOC upon completion of the Consultant's work.

18.     Dollar General will implement the recommendations of the Consultant within a reasonable time from the completion of the Consultant's work but no later than one hundred and eighty (180) calendar days from the entry of this Decree.[2]

---

[2] If Dollar General requires additional time pursuant to this paragraph, Dollar General will confer with EEOC in efforts to agree to a reasonable extension. If the Parties cannot reach agreement, Dollar General can petition the Court for an extension.

19.     During the term of this Decree, if Dollar General believes modifications to the Consultant's recommendations are necessary, Dollar General will request the Consultant to update his recommendations.  Dollar General will implement updated recommendations, if any, with notice to EEOC.

20.     Dollar General shall be responsible for paying all fees and costs of the Consultant; provided, however, that interest accrued on the Settlement Fund may be used toward the Consultant's fees.

## INDIVIDUAL RECONSIDERATION PROCESS

21.     If Dollar General continues to consider criminal history in hiring decisions, Dollar General will update its reconsideration process for individuals whose conditional offer is rescinded based on criminal history within sixty (60) calendar days of the entry of the Decree.  The updated individual reconsideration process shall include the following:

a.      clear communication to individuals who have had their conditional offer of employment rescinded because of their criminal history that Dollar General has a process through which they can ask Dollar General to reconsider the decision to rescind the offer of employment. The communication will inform the individual that he/she may submit any information he/she believes relevant for reconsideration, including the following: work history and past employment; evidence of rehabilitation, such as further education, charitable work, participation or leadership roles in community; the age at the time of the conviction and at the time of application for employment; the number of past offenses; the nature of the past offenses; the time-period that has elapsed since the past offenses; and letters of reference;

b.      individuals whose conditional offers of employment are rescinded based on criminal history will receive a communication from Dollar General and/or its vendor(s) advising

them of an e-mail address and phone number to contact if they wish to initiate the individual

reconsideration process and submit any of the information identified in sub-paragraph a;

c. a committee or group of individuals who are tasked with reviewing the

reconsideration requests (the "Reconsideration Committee"). The Reconsideration Committee

will consider, among other things, the factors listed in sub-paragraph a above; the types of

behaviors exhibited post-conviction by the individual which the Committee reasonably believes

may affect the likelihood of recidivism; and any other information that the individual presents. The

Reconsideration Committee will have independent authority within Dollar General to reverse the

decision to rescind the offer of employment; and

d. redaction of race and photograph (if any) of the individual seeking

reconsideration from the materials provided by Dollar General's outside vendor to the

Reconsideration Committee.

22. Within sixty (60) calendar days of Dollar General's implementation of the

Consultant's recommendations pursuant to Paragraphs 13-20 above, Dollar General will update

its individual reconsideration process in order for the Reconsideration Committee to consider

factors the Consultant recommends pursuant to paragraphs 13-20 above, if any. Dollar General

will also notify EEOC of the names and positions of the members of the Reconsideration

Committee. If composition of the Reconsideration Committee changes during the term of the

Decree, Dollar General will provide written notice to EEOC of the person's name and position

within thirty (30) calendar days of the individual(s) beginning work on the Reconsideration

Committee.

## **RECORD KEEPING**

23.     For the duration of the Decree, Dollar General shall maintain or cause to be maintained the following records:

a.     Data for each conditional hire: name; self-reported race; unique identifier assigned by vendor, if any; social security number; address; telephone number; position applied for; location of position applied for; date of application, if applicable; results of the criminal history review (i.e., pass/fail or any scoring); data and formula, if any, sufficient to recreate the pass/fail or any scoring; and crimes that can be legally reported by the vendor.

b.     For each request for reconsideration submitted: name; unique identifier assigned by vendor, if any; telephone number; results of reconsideration request; the record of the reason(s) for why those persons passed or failed after submitting a request for reconsideration; all documents submitted by the person who requested the reconsideration; all documents Dollar General obtained from any source regarding the request; and all correspondence to or from persons requesting reconsideration.

## **REPORTING**

24.     **Data Collection Reports.** Within one year of the implementation of the Consultant's recommendations and at annual intervals thereafter for the duration of the Decree, Dollar General shall provide reports (which are more fully described in sub-paragraphs a and b below) to EEOC.  Each report shall include the following information for the previous reporting period only, and shall not be cumulative or duplicative of previously reported information:

a.     Data containing: unique identifier assigned by vendor, if any; self-reported race; social security number; position applied for; location of position applied for; date of application, if applicable; results of the criminal history review (i.e., pass/fail or any scoring); data

8

and formula, if any, sufficient to recreate the pass/fail or any scoring; and crimes that can be legally reported by the vendor. The data may be produced in multiple electronic files.

        b.     Data for individuals seeking reconsideration pursuant to Paragraph 23(b) containing: unique identifier assigned by vendor, if any; results of reconsideration request; and documented reason(s) for decision. The data may be produced in multiple documents or electronic file(s). Within thirty (30) calendar days of obtaining data pursuant to this sub-paragraph, EEOC may request documents maintained pursuant to Paragraph 23(b). Dollar General shall respond within twenty-one (21) calendar days from EEOC's request.

        c.     Sub-paragraphs a and b are not intended to impose an obligation to maintain information in any particular format. Data produced pursuant to sub-paragraphs a and b will be produced in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

        25.     If EEOC has questions about the data or other documentation provided pursuant to Paragraph 24 above, it may submit written questions to Dollar General. Dollar General shall respond within twenty-one (21) calendar days from receipt of such questions. To the extent Dollar General is unable to answer EEOC's questions to EEOC's satisfaction, EEOC shall be permitted to speak to a member of the Reconsideration Committee or other employee of Dollar General identified by Dollar General with material knowledge of the facts at issue. Any such discussions shall be prearranged with Dollar General for a mutually agreeable time, duration, and date and attended by Dollar General counsel. The interview may be conducted telephonically, by videoconference, or in the city where the Dollar General employee to be interviewed works.

        26.     Upon the expiration of this Decree, EEOC shall return or destroy all data received from Dollar General or its vendor(s) pursuant to Paragraphs 24 and 25. EEOC shall not bring any

charge or lawsuit against Dollar General based on the data received from Dollar General or its vendor(s) pursuant to Paragraphs 24 and 25.

## **TRAINING**

27.    Within sixty (60) calendar days of Dollar General implementing the Consultant's recommendations pursuant to Paragraphs 13-20 above, Dollar General will provide training regarding the recommendations to those Dollar General employees who have material responsibility for the administration of Dollar General's criminal history review process, specifically including members of the Reconsideration Committee. This training will be provided by an attorney in Dollar General's Legal Department. Dollar General will provide to EEOC the training materials used for this training, if any, within fourteen (14) calendar days following the training session. Any employees who assume any material responsibility for the administration of Dollar General's criminal history review process after the initial training will be provided the equivalent training within sixty (60) calendar days of assuming such position.[3]

28.    Dollar General shall certify to EEOC, in writing, and include with its Reports pursuant to Paragraph 24, that the training referenced in Paragraph 27 has taken place and that the required personnel have attended. Such certification(s) shall include: (i) a list of all current Dollar General employees who have material responsibility for the administration of Dollar General's criminal history review process; (ii) the date, location, and duration of the training; and (iii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

---

[3] This training may be provided via recorded video of the original training session pursuant to this paragraph.

29.     Dollar General will continue to provide notice to its store managers, either in writing (electronically or otherwise) or as part of existing management training, that Dollar General does not discourage individuals with criminal histories from applying for employment at Dollar General and that Dollar General has a reconsideration process available for those conditional hires who fail the criminal background check.

30.     Dollar General will update its employee handbook to state that (1) individuals with criminal histories should not be discouraged from applying for employment at Dollar General and that Dollar General has a reconsideration process available for those conditional hires who failed the initial review; (2) discrimination is prohibited on the basis of race in connection with hiring, including through the use of criminal history; and (3) retaliation is prohibited against any person because such person has opposed any practice related to Dollar General's criminal history review process, filed a charge of discrimination related to such process on the basis of race, or testified or participated in any manner in any investigation, proceeding, or hearing related to such process. The update pursuant to this Paragraph will be implemented in the next publication of Dollar General's employee handbook in 2020.

## NOTICE TO CONDITIONAL HIRES

31.     Dollar General shall provide notice to conditional hires at the time they authorize a criminal background check that individuals with criminal histories are not automatically disqualified from consideration for employment at Dollar General, and that individuals whose conditional offers of employment are rescinded because of their criminal histories will have the opportunity to seek reconsideration of those decisions.

32.     Dollar General shall certify to EEOC in writing within forty-five (45) calendar days after entry of this Decree that the required notice has been properly posted as required by the

Decree. Dollar General will provide EEOC with a copy of the image containing the language of the notice to be provided.

## **MONETARY RELIEF**

33.     Dollar General shall pay the gross aggregate sum of $6,000,000.00 to be distributed among the Eligible Claimants as defined below. Distribution of the settlement fund to the Eligible Claimants will be done in accordance with Paragraphs 34-51 of this Decree. EEOC shall determine the monetary amounts Eligible Claimants shall receive in accordance with the provisions of this Decree.

34.     **Eligible Claimants**: For purposes of this Decree, an Eligible Claimant: (1) is Black; (2) was conditionally hired by Dollar General between January 1, 2004 and September 30, 2019[4] or filed a charge which formed the basis for this Lawsuit; (3) had his or her conditional offer of employment rescinded pursuant to Dollar General's criminal background check policy; and (4) submitted a timely claim form as required by Paragraph 38 below, or submitted a late claim form but for whom the EEOC made an exception pursuant to Paragraph 40 below.

35.     **Establishment of a Settlement Fund**: With the entry of this Decree, the United States District Court for the Northern District of Illinois, Eastern Division, approves the establishment of a "qualified settlement fund" (the "Settlement Fund") as that term is defined in Treasury Regulation Section 1.468B-1, to resolve or satisfy contested claims that have resulted from a series of events that have occurred and that have given rise to claims asserting liability arising out of violation of law. Notwithstanding anything to the contrary in Paragraph 54, the

---

[4] Dollar General will provide to EEOC an updated list of Black conditional hires whose conditional offers of employment were rescinded because they failed a background check between May 1, 2015 and September 30, 2019, including their name, birth date, social security number, last known address, and last known telephone number, within forty-five (45) calendar days of entry of the Decree.

District Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of Treasury Regulation section 1.468B-1. Dollar General shall deposit or cause to be deposited within forty-five (45) calendar days of the entry of the Decree, the aggregate sum of $6,000,000.00 into an escrow account administered by the Claims Administrator designated in Paragraph 36 to establish the Settlement Fund to provide monetary awards to Eligible Claimants. Any interest accrued by the Settlement Fund will be used to pay expenses associated with the administration of the Settlement Fund and the engagement of the Consultant. Other than withdrawal of accrued interest, all payments from this Settlement Fund shall only be payments authorized by the Decree. The Claims Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in Treasury Regulation Section 1.468B-1. The Claims Administrator will not elect to have the Settlement Fund treated as a grantor trust. The Settlement Fund will be treated as a separate taxable entity. The Claims Administrator shall cause any taxes imposed on the earnings of the Settlement Fund to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The Claims Administrator shall be the "administrator" of the Settlement Fund pursuant to Treasury Regulation Section 1.468B-2(k)(3).

36. **Claims Administrator**. JND Legal Administration shall be the Claims Administrator, and shall be responsible for: (1) mailing notices and claim forms related to settlement, after having first updated addresses of potential claimants; (2) receiving claim forms; (3) transmitting notification of monetary awards and releases; (4) issuing checks to Eligible Claimants from the Settlement Fund; (5) issuing related tax documents; and (6) performing such other administrative tasks as are reasonably necessary to facilitate the claims process. All expenses, fees, and costs of the Claims Administrator shall be paid by Dollar General. As

described in Paragraph 35, above, interest accrued on the Settlement Fund may be used to offset these expenses, fees, and costs.

37. **Mailing of Claims Packages**. Within fifty-five (55) calendar days of entry of the Decree, EEOC shall provide the Claims Administrator a list of potential Eligible Claimants. Within fourteen (14) calendar days after receiving the list of potential Eligible Claimants, the Claims Administrator shall mail, via United States Mail, a cover letter from EEOC (attached hereto as Exhibit B) containing notice of the settlement, an explanation of the claims procedure, and a claim form (collectively, the "Claim Package") to all individuals on the list. The letter will also notify the Eligible Claimants that, as part of the settlement, Dollar General is revising its criminal history review process, and Eligible Claimants who reapply after the Consultant's recommendations are implemented pursuant to Paragraphs 13-20[5] will be evaluated pursuant to a revised criminal history review process.

38. **Submission of Claim Forms**. Potential Eligible Claimants who seek to recover monetary compensation must complete a claim form and cause it to be received by the Claims Administrator within forty-five (45) calendar days after the mailing of the Claims Packages to the potential Eligible Claimants. The claim form must be received by the Claims Administrator on or before such date in order to be considered. Within sixty (60) calendar days after the mailing of the Claims Packages to potential Eligible Claimants, the Claims Administrator shall provide EEOC with electronic copies of all received claim forms and notify Dollar General of the number of claim forms received.

---

[5] In addition to the revised criminal history review process, Eligible Claimants who reapply will be subject to all other hiring selection criteria and eligibility requirements, which Dollar General applies to all applicants (including applicants seeking to be re-hired).

39.     **Confidentiality of Claim Forms**.     Claim forms received by the Claims Administrator and EEOC shall be treated as confidential and shall not be disclosed to Dollar General or any other person or entity, except that such claim forms may be submitted confidentially to the Court if requested by the Court or as necessary for tax purposes.

40.     **Late Claims**.  With respect to any claim forms received after the deadline specified in Paragraph 38 above, for which EEOC has not made an exception, the Claims Administrator, upon EEOC's approval, shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

41.     **Determination of Claims**.  Within ninety (90) calendar days after the mailing of the Claims Packages to potential Eligible Claimants, EEOC shall make a determination as to whether the individuals who submitted claim forms to the Claims Administrator are eligible to receive monetary awards, and the allocation of monetary relief for each Eligible Claimant.  EEOC shall allocate relief based on its assessment of the claim forms submitted.  The primary basis for determining the relief due each Eligible Claimant will be a *pro rata* division of the Settlement Fund. In addition to a *pro rata* division of the fund, EEOC may also consider the position applied for and level of participation in the litigation in determining monetary awards.  EEOC will provide the Claims Administrator with a list of the Eligible Claimants and the amount each Eligible Claimant is to receive.[6]

42.     **Contingency Fund:** EEOC may direct the Claims Administrator to withhold from initial distribution an amount not to exceed $20,000 as a contingency fund to address any errors in

---

[6] Within thirty (30) calendar days of the entry of this Decree, Dollar General will inform EEOC and provide documentation regarding any individual who received a payment relating to the claims at issue in this lawsuit, and the amount of such payment. For such payments it is notified of by Dollar General, EEOC will offset any amount awarded to such claimant(s) by this amount, pursuant to the claims process.

the determination of claims that may subsequently come to light. In the event that any portion of the contingency fund is not needed, those funds shall be paid into a *cy pres* fund as set out in Paragraph 48 below.

43. **Notification of Awards**. Within fourteen (14) calendar days of receiving EEOC's determination of claims, the Claims Administrator shall notify each Eligible Claimant via United States Mail of the amount of her/his monetary award.

44. **Release of Claims**. Along with the notification of award, the Claims Administrator shall mail to each Eligible Claimant a Release (a copy of which is attached hereto as Exhibit C). Each Eligible Claimant will be notified that, in order to receive monetary payment under this Decree, he or she must execute and deliver to the Claims Administrator an executed Release. A letter (a copy of which is attached hereto as Exhibit D) will accompany the Release and inform each Eligible Claimant that such Release must be signed and mailed to the Claims Administrator so that it is received by the Claims Administrator within thirty (30) calendar days of the mailing of the notification of award and obligate the Eligible Claimant to notify the Claims Administrator of any future changes of address for payment. Any Eligible Claimant whose properly executed Release is not actually received by the Claims Administrator within forty-five (45) calendar days of the mailing of the notification of award shall be ineligible from receiving any relief under this Decree, except for good cause determined in the discretion of EEOC and upon actual receipt of a properly executed Release. The Claims Administrator shall provide all original signed Releases to Dollar General and copies to EEOC.

45. Funds allocated to an Eligible Claimant who does not timely return his or her Release shall be allocated to a *cy pres* fund as described below.

46. **Distribution of Settlement Fund**. The Claims Administrator shall issue checks to each Eligible Claimant within thirty (30) calendar days of the date by which releases must be received by the Claims Administrator.

47. **Returned or Uncashed Checks**. The Claims Administrator shall promptly notify EEOC in writing of any checks that are returned or are not cashed after ninety (90) calendar days have elapsed from the date on which the settlement checks were mailed. If any Eligible Claimant's check is undeliverable or uncashed, and the Claims Administrator determines that the Eligible Claimant cannot be located, the missing Eligible Claimant shall receive no payments under the Decree.

48. **Cy Pres.** If any other portion of the Settlement Fund, including accrued interest, contingency funds, and funds allocated to missing Eligible Claimants, has not been distributed as required by this Decree after a period of ninety (90) calendar days has elapsed from the date on which the settlement checks were mailed by the Claims Administrator, then the balance of the Settlement Fund shall be designated as a *cy pres* fund to be distributed to Cara Chicago, which is a non-profit organization in Chicago, Illinois. Any funds transferred to the *cy pres* shall be designated for use in programs that serve to further the job training and hiring of workers with criminal backgrounds. In no event shall there be any reversion of any part of the Settlement Fund to EEOC or Dollar General.

49. **Costs**. All costs associated with the distribution of the Settlement Fund to Eligible Claimants shall be paid by Dollar General and from the interest accrued on the Settlement Fund, including without limitation, all costs associated with locating claimants, all postage costs related to the issuance and mailing of checks from the Settlement Fund and all costs associated with stopping payment on checks.

50. **Claims of Deceased Persons**. Monetary payments will be made on behalf of deceased claimants through representatives of their estate or next of kin if EEOC determines that appropriate documentation (e.g., letters testamentary or the equivalent) has been provided and the estate provides a properly executed Release. Any sums paid to a deceased claimant shall be made payable to the estate of the deceased claimant, or if no estate exists, to the decedent's properly demonstrated next of kin.

51. **Tax treatment**. Eighty percent (80%) of the payments made pursuant to this Decree shall constitute back pay from which the Eligible Claimant's share of payroll taxes shall be withheld. Dollar General shall be responsible for paying the employer's share of payroll taxes, and such payments shall not be made from or constitute any portion of the Settlement Fund. Twenty percent (20%) of the payments shall constitute interest from which no payroll taxes will be withheld. The Parties agree that the back wages (and related taxes) and interest payments paid pursuant to this Decree constitute restitution for Eligible Claimants. The Claims Administrator will issue applicable W-2 and 1099 forms in conjunction with the checks issued pursuant to Paragraph 46 above, reflecting the payments made to each claimant from the Settlement Fund.

## DISPUTE RESOLUTION

52. If either party reasonably believes that the other party has failed to substantially comply with any provision(s) of the Decree, it shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall give the other party thirty (30) calendar days to remedy the non-compliance or provide evidence of compliance. If the non-complaining party has not remedied the alleged non-compliance or provided evidence of compliance satisfactory to the complaining party within thirty (30) calendar days, the parties shall meet and confer in person, by telephone, or video conference prior to seeking Court intervention. If the

parties are unable to resolve the dispute within thirty (30) calendar days through the meet and confer, the complaining party may ask the Court to hold the non-complying party in contempt of court. Before holding a party in contempt, the complaining party must show by clear and convincing evidence that the non-complaining party violated this Decree, the violation was significant (i.e. the non-complaining party did not substantially comply with this Decree), and the non-complaining party failed to make a reasonable and diligent effort to comply.

53.     If during the term of this Decree, a party believes that the other party has misinterpreted any provision of the Decree, has not performed an action required by the Decree, or has performed an action in a manner not contemplated by the Decree, it shall inform the other party in writing (either via letter or e-mail) of the manner in which it believes the other party's conduct is deficient. Within fourteen (14) calendar days of receiving such a communication, the responding party shall provide a written response to the complaining party. If this response does not satisfy the complaining party that the disagreement has been resolved, the complaining party will request in writing an opportunity to meet and confer in person, by telephone, or video conference. The Parties shall meet and confer at a mutually agreeable time within thirty (30) calendar days of the request to meet and confer. If after meeting and conferring, the Parties are still not able to resolve their disagreement, either party may seek the assistance of the Court in resolving the matter.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

54.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for three (3) years from entry of the Decree. Nothing in this Decree limits the Court's exercise of its inherent power to enforce the Decree. The Court shall

retain jurisdiction of this matter for the purpose of resolving outstanding disputes arising out of the Decree.

## **MISCELLANEOUS PROVISIONS**

55.     The terms of this Decree shall be binding on Dollar General and any of its parents, subsidiaries, affiliates, divisions, predecessors, successors, partners, and assigns.  Dollar General, and any successor(s) of Dollar General, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Dollar General, or any successor of Dollar General, prior to the effectiveness of any such acquisition or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

56.     Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

57.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

58.     When computing time periods specified in this Decree, the parties shall count every day, including intermediate Saturdays, Sundays, and Legal Holidays (as defined in Fed. R. Civ. P. 6(a)(6)(A)), and include the last day of the period, but if the last day is a Saturday, Sunday, or Legal Holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or Legal Holiday.

59.     When this Decree requires a certification by Dollar General of any fact(s), such certification shall be made by an officer, management employee, or custodian of records of Dollar General or any third-party vendor to the best of such person's knowledge, information and belief.

60.      This Decree and the exhibits hereto represent the final agreement between the Parties about the subject matter of the Decree and may not be contradicted by evidence of prior,

contemporaneous, or subsequent oral agreements of the Parties. There are no unwritten oral agreements between the Parties.

61.     When this Decree requires notifications, reports, and communications to the Parties, they shall be both e-mailed and mailed (unless otherwise agreed to by the Parties) to the following persons:

For EEOC:

Dollar General Settlement
Equal Employment Opportunity Commission
230 South Dearborn Street, Suite 2920
Chicago, IL  60604
jeanne.szromba@eeoc.gov
richard.mrizek@eeoc.gov
ethan.cohen@eeoc.gov


For Defendant:

Melanie Cook
Dollar General Corporation
Vice President and Assistant General Counsel
100 Mission Ridge
Goodletsville, TN 37072
mecook@dollargeneral.com

Joel Allen
McGuireWoods LLP
2000 McKinney Avenue
Suite 1400
Dallas, TX 75201
jallen@mcguirewoods.com


Any party may change such addresses by written notice to the other party, setting forth a new address for this purpose.

62.     This Decree may be executed and delivered with separate signature pages with the same effect as though all parties had executed and delivered the same signature page.

Agreed to in form and content:

**FOR PLAINTIFF**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

Sharon Fast Gustafson
General Counsel


James Lee
Deputy General Counsel


Gwendolyn Young Reams
Associate General Counsel


_____
Gregory Gochanour
Regional Attorney


_____
Diane I. Smason
Supervisory Trial Attorney


_____
Jeanne Szromba
Trial Attorney


_____
Richard Mrizek
Trial Attorney


_____
Ethan Cohen
Trial Attorney

**FOR DEFENDANT**
**DOLGENCORP, LLC**

Rhonda Taylor
Dollar General Corporation
Executive Vice President and General
Counsel

Joel S. Allen
McGuireWoods LLP

Date: 10/24/19

Agreed to in form and content:

**FOR PLAINTIFF**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

Sharon Fast Gustafson
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____
Gregory M. Gochanour
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Jeanne B. Szromba
Trial Attorney

_____
Richard J. Mrizek
Trial Attorney

_____
Ethan M. M. Cohen
Trial Attorney

**FOR DEFENDANT**
**DOLGENCORP, LLC**

_____
Rhonda Taylor
Dollar General Corporation
Executive Vice President and General
Counsel

_____
Joel S. Allen
McGuireWoods LLP

Date:_____

Equal Employment Opportunity
 Commission
Equal Employment Opportunity Commission
230 South Dearborn Street, Suite 2920
Chicago, IL  60604

Date:___ 10 / 23 / 2019

_____     DATE: _____

ENTER:
The Honorable Andrea Wood
United States District Court Judge

## **EXHIBIT A**

Open Warrants (Misdemeanor)

Failure to Identify a Fugitive (Misdemeanor)

Injury to Real Estate Property (Misdemeanor)

Failure to Return Rental Property (Misdemeanor)

**EXHIBIT B**

__, 2019

«AddressBlock»

Re:     *EEOC v. Dolgencorp, LLC d/b/a Dollar General*

        Case No. 13-cv-4307

        (U.S. District Court, Northern District of Illinois, Eastern Division)

Dear «GreetingLine»:

The United States Equal Employment Opportunity Commission ("EEOC") recently resolved its lawsuit against Dolgencorp, LLC ("Dollar General"), which alleged that Dollar General's use of criminal history in hiring decisions violated Title VII by creating a disparate impact on Blacks. Dollar General filed an answer denying EEOC's allegations. The case was resolved by a voluntary settlement; the court did not rule for or against EEOC or Dollar General.

You are receiving this letter because you may be eligible to participate in the settlement. To be eligible to participate in the settlement, you must 1) be Black; 2) have been conditionally hired by Dollar General between January 1, 2004 and September 30, 2019; and 3) had your conditional offer of employment rescinded because you failed Dollar General's criminal background check. Dollar General may not retaliate against you for participating in this claim process. **If you are not eligible to participate, please disregard this letter.**

The settlement requires that Dollar General hire a Criminal History Consultant to evaluate the use of criminal conviction history in hiring decisions by Dollar General. Under the settlement, if Dollar General intends to use criminal conviction history, it must implement the Criminal History Consultant's recommendations within approximately six months. If you re-apply for employment with Dollar General after the Consultant's recommendations are implemented, you will be evaluated pursuant to the revised criminal history review process.[7]

The settlement also requires that Dollar General pay into a settlement fund for eligible individuals. The enclosed form seeks information that EEOC will use to determine whether you are eligible for monetary relief and, if you are eligible, how much money you will receive. EEOC and its attorneys do not get any money from the settlement.

---

[7] In addition to the revised criminal history review process, anyone who reapplies will be subject to all other hiring selection criteria and eligibility requirements, which Dollar General applies to all applicants (including those seeking to be re-hired).

Completion of the claim form is the first step in the claims process. The completed form must be **received by the Claims Administrator (not merely sent)** by **_____**. **Anyone whose claim form is received after _____ will not be entitled to any monetary relief.** Therefore, you should send the completed claim form allowing sufficient time for it to be delivered by the deadline. You should consider using express or overnight mail if the claims deadline is approaching. You may also consider some method of delivery that will allow you to track the claim form and ensure that it is delivered by the deadline.

Once all of the forms have been received, EEOC will use the information on the forms to determine eligibility and will notify claimants of the amount of their monetary award (if any). Analysis of the claim forms will take some time. You should not expect to receive notification of the determination of a monetary award until **_____**. If EEOC determines that you are eligible for a monetary award, the notification letter will include a release of claims that you must sign and return to obtain monetary relief. Any monetary relief most likely will not be paid until **_____**.

EEOC appreciates your patience and cooperation during the litigation and settlement process. If you have questions about the claims process, please contact **[insert Claims Administrators number]**. You should not contact Dollar General or EEOC. The Claims Administrator will not be able to answer questions about whether EEOC has made a determination with respect to your claim or how much money you will receive. The amount of monetary settlement, if any, will be communicated to you by a letter from EEOC. Please be sure to let the Claims Administrator know if your contact information changes before the process has been completed.

Thank you for your participation in this matter.

Sincerely,

Richard Mrizek

Jeanne Szromba

Ethan Cohen

Trial Attorneys

26

## EXHIBIT C

## RELEASE

In consideration for the payment to be paid to me by Dolgencorp, LLC pursuant to the Consent Decree entered by Judge Andrea Wood on _____, 2019, in connection with the resolution of *EEOC v. Dolgencorp, LLC (d/b/a Dollar General),* No. 13 cv 4307 (N.D. Ill.), I waive my right to recover for any claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a, that I had prior to the date of this release against Dolgencorp, LLC or any of its parents, subsidiaries, affiliates, divisions, predecessors, successors, partners, and assigns who conditionally offered employment to me but rescinded the offer based on the results of the criminal background check as alleged in EEOC's complaint in *EEOC v. Dolgencorp, LLC (d/b/a Dollar General),* No. 13 cv 4307 (N.D. Ill.)

_____
Signature

_____
Name [Please Print]

_____
Social Security Number

Address:

_____

_____

_____

27

**EXHIBIT D**

__, 2019

«AddressBlock»

Re:     *EEOC v. Dolgencorp, LLC d/b/a Dollar General*

        Case No. 13-cv-4307

(U.S. District Court, Northern District of Illinois, Eastern Division)

Dear «GreetingLine»:

Based on the information you submitted in your claim form and obtained during the litigation of this case, EEOC has determined that you are entitled to receive a monetary award from the settlement in EEOC's lawsuit against Dollar General in the gross amount of $[MONETARY AWARD].  Your monetary award is subject to tax withholdings.  **As a result, the check you receive will be less than the gross amount.  You will be responsible for paying taxes on the amount of your monetary award.**

**In order to obtain the monetary award, you must read and sign the enclosed Release Agreement ("Release") and return it to the Claims Administrator.  The Claims Administrator must receive your Release within THIRTY (30) days of the date of this mailing. If your Release is not signed and <u>received</u> within THIRTY (30) days, you will receive <u>no</u> monetary award, so it is important that you allow sufficient time for mailing. We recommend that you complete and return the Release as soon as you receive it.**

To receive a monetary award, you must provide your Social Security number so that the monetary award can be properly reported to the IRS. There is a space on the Release for you to report your Social Security number. In addition, if you have an updated address, please also provide that on the Release. It is important that we have your updated address so that the monetary award is mailed to the correct address. Monetary awards will be mailed out about thirty (30) days after the deadline for submitting the Release.

Please be sure to set aside money to pay taxes that will be due on this amount.  We cannot give you tax advice, so you should consult with a tax professional to determine the amount of taxes you will owe as a result of your settlement payment.  Further, if you have filed a bankruptcy proceeding or are considering filing for bankruptcy, you should consult with your personal bankruptcy attorney regarding such matters.  In ___, the Claims Administrator will send you both an IRS W-2 form and a 1099 form.

28

Please send the signed release to:

[CLAIMS ADMINISTRATOR]

You may wish to make a copy of the release agreement for your own records.

Thank you again for your cooperation, and good luck to you in the future.

Sincerely,

_____

Richard Mrizek

Jeanne Szromba

Ethan Cohen

Trial Attorneys

Encls.